Gowings v. Lóyd.

GOWINGS v. LOYD, ADM'R.

**Suit** was instituted by William M. Loyd against William Gowings. At a subsequent term there was an entry: " Elijah Loyd, administrator of the estate of Wm. M. Loyd, deceased, against Wm. Gowings. Sept. 28th. And now at this day appeared the parties by their attorneys," &c. There was a trial and a verdict and judgment for the plaintiff: *Held,* That there was no suggestion of the death of William M. Loyd, without which the administrator could not become a party, and the judgment was therefore reversed. (Note 105.)

Appeal from San Augustine.

Special court composed of HEMPHILL, CH. J., and J. M. ARDREY, and JOHN E. CRAVENS, special judges,

*Lipscomb* and *Gillespie*, for appellants.

*Mayfield* and *Scurry*, for appellees.

ARDREY, S. J. This was a suit brought by William M. Loyd to the Spring Term 1837, of the District Court of Nacogdoches county, against the appellant, William Gowings, for the recovery of certain negroes described in his petition. There was issued a writ of sequestration in the cause, which was levied upon the said negroes, which were replevied by said appellant. At the following September Term of the said court Gowings appeared and filed his answer, and the cause was continued. At the March Term, 1838, of the said court the plaintiff, Loyd, applied to the court, and obtained a change of venue to San Augustine county. At the March Term, 1838, of the District Court of San Augustine county, the defendant, Gowings, by his attorney, appears and files another answer in the said cause. The cause was then [**484**] continued from term to term until the March Term, 1840, when there was a jury trial had, and a verdict for the plaintiff. A motion was then made to set aside the verdict and to grant a new trial thereon, which was done by the court. No further proceedings appear to have been had in the cause from the time of setting aside the verdict and granting of the new trial until the September Term, 1841, of the said court, when the following proceedings were had, as stated in the transcript of the record :

"District Court, September Term, 1841. Present, Hon. George W. Terrell, judge. Elijah A. Loyd, administrator of the estate of Wm. M. Loyd, deceased, *v.* William Gowings. Sept. 28th. And now at this day appeared the parties, by their attorneys, and this cause came on to be tried. Thereupon came a jury of good and lawful men, to wit, Sampson Holloway and others, who were duly impaneled and sworn to try the issue joined, &c. And there not being sufficient time to complete the argument, by consent the jury was discharged, under charge of the court, until to-morrow morning, nine o'clock. Elijah A. Loyd, administrator of William M. Loyd, deceased, *v.* William Gowings. Sept. 29th. The jury met pursuant to adjournment, and the trial of the cause was again taken up, and the argument of counsel heard. The jury retired, and after being out a short time returned into open court the following verdict, to wit : ' We, the jury, find a verdict in favor of the plaintiff, for the property in controversy. September 29th, 1841. S. HOLMAN, Foreman.' Ordered by the court that the verdict of the jury be recorded; and further ordered that the plaintiff recover of the defendant the property as mentioned and set forth in plaintiff's petition, to wit, Sally or Sarah, a negro woman and the mother of Louisa, a girl, and Julian, a girl, and Eli, John, and James, boys, and all the children of the said Sallie or Sarah, together with all the increase of the said negro slaves. And it is further ordered and adjudged and decreed that the said defendant deliver up said negroes as above [**485**] named,

together with their increase; and further, that a writ of possession issue in favor of plaintiff, and that the defendant pay all costs about this behalf expended."

From the views taken by the courts of this case it is unnecessary to discuss the various points presented by the briefs of counsel, or the several questions suggested by the assignment of errors, why the judgment of the court below should be reversed. It appears that the suit was originally commenced and prosecuted by William M. Loyd, in his own name, until after the first verdict and the granting of a new trial thereto. After that term, and before the second verdict and the judgment of the court thereon in favor of "Elijah A. Loyd, administrator of the estate of William M. Loyd, deceased," there was no suggestion made upon the docket that William M. Loyd was dead, such as would authorize Elijah A. Loyd to be made a party, either by his voluntary appearance into court and making himself a party to the suit upon such suggestion or by the issuance of a *scire facias*, under the 1st section of the act of Congress, approved 24th May, 1838, entitled an act representing the abatement of suits. (2 vol. Tex. Laws, 135.) That section provides "that when any party may die pending any suit in any of the courts of this Republic, the suit shall not thereby abate; but upon the death being suggested upon the docket, it shall and may be lawful to issue a *scire facias*, returnable to the next term of the court; which being served upon the executor, administrator, guardian, curator, or heir, they shall be made parties to said suit."

To authorize the intervention of a third person to come into a suit and become a party thereto, there must be a proper legal ground made upon the record; and in the case of the death of one of the original parties to the suit, it must be by a suggestion of the death of that party upon the docket. If it was the death of the plaintiff, his representative might be permitted to waive the issuance of a *scire facias* and its service, as required by the statute, and enter voluntarily himself [486] a party; but at least it could not be done without first making the suggestion of the death, as required. If it were the death of the defendant, the suit could only be prosecuted against his representative by the suggestion of his death upon the docket and the issuance and service of the writ of *scire facias*. This would be the only legal means to make a party, unless the representative should choose to make a voluntary appearance after the suggestion.

No suggestion of the death of William M. Loyd upon the record appearing to have been made in this cause, the rendition of the judgment of the District Court in favor of Elijah A. Loyd, as his administrator, against the appellant, was clearly erroneous.

For this cause of error the judgment of the District Court will have to be reversed and the cause remanded for further proceedings in the court below.

Judgment reversed.

NOTE 105.—Weaver v. Shaw, 5 T., 286; Howard v. No·th, 5 T., 290; Martel v. Hernsheim, 9 T., 294; Mills v. Alexander, 21 T., 154; Thouvenin v. Rodrigues, 24 T., 468.