[No. 20275. In Bank. — January 29, 1887.]

## Ex parte JOHN W. ROBINSON, on Habeas Corpus.

CONTEMPT — ACTION FOR DIVORCE — ORDER FOR COUNSEL FEES — REFUSAL TO COMPLY WITH. — In an action of divorce in which the petitioner was the defendant, an order was made directing him to pay a certain sum of money to his wife as counsel fees, or to show cause on a specified day thereafter why he should not be punished for contempt. The money was not paid, and no affidavit showing non-payment was presented; but the petitioner with his counsel appeared before the court on the day specified for the purpose of showing cause, when the court, after hearing evidence as to his ability, ordered him to pay the money. The petitioner thereupon, in the presence of the court, refused to comply with the order, saying that he would go to jail before doing so. The court thereupon adjudged him guilty of contempt, and ordered that he be imprisoned until the payment was made. *Held*, that the refusal to pay, being made in the presence of the court, could be punished as a contempt, notwithstanding no affidavit of non-payment had been made.

HABEAS CORPUS — REHEARING — SUPREME COURT. — A petition for a rehearing in the Supreme Court cannot be made in a case of *habeas corpus*.

APPLICATION for a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*W. H. H. Hart*, and *Aylett R. Cotton*, for Petitioner.

*Sawyer & Burnett*, for Respondent.

PATERSON, J. — The petitioner was adjudged guilty of contempt in the Superior Court of Del Norte County for refusing to pay certain sums of money which the court had directed him to pay as costs and attorney fees

in an action for divorce therein pending between his wife and himself.

In the action referred to, the plaintiff—wife of petitioner—had been awarded a decree of divorce, the defendant had moved for a new trial, and prepared and served his bill of exceptions. The plaintiff, having no means to present her defense to said motion, applied to the court for an order requiring the defendant to pay the cost of transcribing the short-hand notes, and a sufficient fee to enable her to employ an attorney to attend to the proceedings for a new trial.

After hearing the matter upon affidavits, the court directed the defendant to pay the plaintiff or her counsel the sum of $160 within two days after service of the order, or show cause thereafter, to wit, on the fourth day of November, 1886, why he should not be punished for contempt. The money was not paid; no affidavit showing non-payment was presented, but on said fourth day of November the defendant and his counsel appeared before the court to show cause why he should not be punished for contempt. The court heard the evidence of the parties as to the ability of the defendant to pay, and decided that the defendant had been and then was amply able to pay the said sum. Immediately upon learning the decision of the court, the defendant refused to pay the money, saying he "would be locked up"—meaning, of course, that he would go to jail—before he would obey the order of the court. Thereupon the court adjudged him guilty of contempt, and ordered that he be confined in the county jail until he complied with the order for the payment of the $160.

Petitioner claims that the court exceeded its jurisdiction in making the order adjudging him guilty of contempt, and that the order is therefore void, and his detention thereunder unlawful. It is contended that the contempt, if any, was committed without the presence of the court, and that the court could not lawfully

make any order requiring him to show cause except upon affidavit being first presented, showing his failure to comply with the order for the payment of the money. In support of this proposition, petitioner relies upon the case of *Batchelder* v. *Moore*, 42 Cal. 412. In that case, the contempt alleged was clearly one which was not and could not be committed in the presence of the court. The affidavit upon which the proceedings were based was defective in the most important particular, and it resulted that the court had no authority to proceed. We are not disposed to question the correctness of that decision, and if the petitioner herein had contented himself with answering the question why he had not complied with the order of the court,—whether his reasons were good or bad,—or if he had objected in any way to the proceedings, or if he had voluntarily appeared and said nothing, we should hold that the court below, in the absence of an affidavit showing failure to comply with the order, had no authority to convict him of contempt. The defendant, however, did not content himself with excuses, good or bad, nor did he object to the proceedings of the court, nor did he keep that silence which would have been circumspect, but he went further, and showed his defiance of the court and its lawful order by a declaration plainly indicating that he never intended to obey the order, and that if imprisonment was the *ultimatum*, he was ready for it. We think that this direct challenge to the authority of the court was a contemptuous defiance of a lawful order *in the presence of the court*, and that he was properly adjudged guilty of contempt therefor. It was a repetition *in the presence of the court* of the offense for which the court had without authority cited him to appear and answer.

It is claimed that since the issuance of the writ herein, a compliance with the order of the court has become unnecessary, because the proceedings on motion for new trial have lapsed or have been dismissed, and there is

no longer any necessity for the payment of the money. If this be true, the court below may discharge the prisoner, but as the order for payment is still in force, he must be remanded.

SHARPSTEIN, J., McFARLAND, J., and MORRISON, C. J., concurred.

A     �092 for a rehearing having been subsequently ma\     �092e following opinion was rendered on the 8th of February, 1887:—

The COURT.—Petition for rehearing denied. There is no practice here allowing petitions for rehearing in cases of *habeas corpus*.