[No. 4005.]

## IN RE DOYLE APPLICATION FOR WRIT OF HABEAS CORPUS.

JURISDICTION—HABEAS CORPUS—APPEAL PENDING—CONTEMPT.

Where a party committed for contempt of court sues out a writ of error in the court of appeals to review the judgment of committal, the supreme court will not assume jurisdiction of the cause upon a writ of *habeas corpus* sued out in that court, while the case is pending on error in the court of appeals, where the questions presented in the *habeas corpus* proceedings are the same as those presented in the proceeding in error, and the fact that the applicant was imprisoned after the court of appeals refused him a *supersedeas* is immaterial.

### *Original Application.*

FOR disobedience of a writ of injunction issued out of the district court of El Paso county, petitioner was adjudged guilty of contempt, and an order entered, directing that unless within a specified time he purge himself of such contempt by doing certain acts, that he be committed to jail, until he did. From this judgment he sued out a writ of error to the court of appeals, and applied for a *supersedeas*, which was denied. After this denial, further proceedings

were had in the case, in the district court under which commitment issued, and petitioner was placed in jail, who then presented to this court his petition for a writ of *habeas corpus,* which having been granted, the sheriff of El Paso county, for return, details the proceedings which resulted in the imprisonment of which petitioner complains; also, those had in the court of appeals, and avers that the questions raised there are the same as those presented by his petition here, and that the action in the court of appeals is still pending and undetermined.   To this return petitioner interposed a general demurrer.   The various reasons assigned by his counsel why he should be discharged under the writ of *habeas corpus* each raise the question of the jurisdiction of the district court, from the inception of the proceedings down to and including the order of commitment.   The position assumed by counsel for respondent is that the trial court had jurisdiction, and also, that by reason of the proceedings in the court of appeals, this court is without, or should not assume, jurisdiction of this proceeding.   To this latter proposition, the reply of counsel for petitioner is that the pendency of the action in the court of appeals is no bar to his remedy by *habeas corpus* in this.

Mr. CHARLES J. HUGHES, Jr., Mr. SCOTT ASHTON and Mr. A. MOORE BERRY, for petitioner.

Mr. A. T. GUNNELL and Messrs. PATTERSON, RICHARDSON & HAWKINS, for respondent.

MR. JUSTICE GABBERT delivered the opinion of the court.

By the writ of error sued out from the court of appeals, and his proceedings by *habeas corpus* in this, petitioner is prosecuting two actions at the same time, each embracing the same subject-matter, and each for the same purpose.   A party restrained of his liberty may have the proceedings resulting in his imprisonment reviewed by any court vested

with authority so to do, under any form of proceeding by which the jurisdiction of such court will attach, having in mind the difference in the questions which may be raised under the various forms of procedure, from which he may elect; but he cannot maintain two actions at the same time to review the same judgment in two different courts (*Freiberg v. Landfelder*, 13 So. Rep. 404; *Maxwell v. Martin*, 35 W. Va. 384), for the obvious reason that to permit such practice would result in confusion, the possible rendition of conflicting judgments, and a clash in jurisdiction between courts, which it needs no argument to demonstrate.

With the case pending and undetermined in the court of appeals, can this court assume jurisdiction of this proceeding? That tribunal has obtained jurisdiction of the cause instituted there at the instance of the petitioner. The questions which he seeks to have determined in that action are identical with those which he asks this court to pass upon by the proceedings instituted here, and if this court can entertain jurisdiction of petitioner's application, it must be upon the theory that by so doing, that of the court of appeals would be ousted, for unless such would be the result, serious and embarrassing complications might arise. It is to prevent such difficulties and contests between courts over jurisdiction, that the rule of law obtains, that where a court has obtained jurisdiction of an action, it cannot be interfered with by any other, but has the exclusive right to entertain and exercise such jurisdiction to the final determination of the cause. Works on Jurisdiction, 68; *Merrill v. Lake*, 16 Ohio, 373; *Taylor v. City of Ft. Wayne*, 47 Ind. 274; *Clepper v. State*, 4 Tex. 242; *Ex parte Booth*, 3 Wis. 145.

Under this rule the court of appeals having first acquired jurisdiction of the cause, this court, pending final judgment in that, cannot invade it by reviewing the judgment of the trial court in another proceeding. *In re Farrell*, 22 Colo. 461. This rule is not only right in principle, but prevents unpleasant collision between different tribunals, and contests between them over the jurisdiction of causes, and has been universally

recognized from the date when parties indicted in the federal courts for violation of the fugitive slave law sought to be released by *habeas corpus* through the medium of the state courts; for it would be a subversion of judicial power for one court to take a case from another having jurisdiction, or exercise supervision before its final decision was given. *Ex parte Robinson*, 6 McLean, 355; Church on Habeas Corpus, § 265; *Ex parte Bushnell*, 8 Ohio St. 599.

It is contended, however, on behalf of petitioner, that inasmuch as he could not apply for a writ of *habeas corpus* until after imprisonment, that the pendency of the proceedings in the court of appeals is no bar to a consideration of the cause by this court on *habeas corpus*. The action of the trial court, in ordering petitioner to be imprisoned, was but the enforcement of its judgment to suspend, which petitioner sought for *supersedeas* in the court of appeals, and was refused. Every question which he raises here in support of his application for a discharge is presented in the case pending in the court of appeals, and the legality of his imprisonment must be determined there; and whether it shall continue or not, the judgment of that court will determine in passing upon all questions raised on the proceeding which resulted in the alternative order of the trial court; and the fact that he was imprisoned subsequent to suing out the writ of error to the court of appeals, is immaterial, because this court, if it now entertained the *habeas corpus* proceedings, must likewise pass upon the same questions.

The writ is dismissed and petitioner remanded to the custody of the sheriff of El Paso county.

*Writ dismissed and petitioner remanded.*