[L. A. No. 9213. In Bank.—April 26, 1927.]

HOMER FRANCE and JACK BLACK, Petitioners, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF LOS ANGELES et al., Respondents.

[1] CRIMINAL LAW—HABEAS CORPUS—NATURE OF PROCEEDINGS.—A writ of *habeas corpus,* although granted to inquire into the legality of one imprisoned in a criminal prosecution, is not a proceeding in that prosecution, but, on the contrary is an independent action instituted by the applicant therein to secure his discharge from such imprisonment.

[2] ID.—POWERS OF COURT—APPEAL.—In this state the power to issue the writ of *habeas corpus* is conferred by the constitution upon the supreme court, and each of the justices thereof, district courts of appeal, and each of the justices thereof, and the superior courts, and the decision of any court in a *habeas corpus* proceeding, provided the court has jurisdiction, cannot be reviewed by any other court in any way.

[3] ID.—APPEAL — HABEAS CORPUS — JURISDICTION. — A trial court, after an appeal from a judgment of conviction rendered by it in a criminal action has been perfected, is without authority, during the pendency of said appeal, to discharge the appellant

---

1. See 12 R. C. L. 1184.
2. See 13 Cal. Jur. 259.

through *habeas corpus* proceedings for any error, defect or other infirmity appearing or existing in the proceedings taken in said action which was or might have been legally presented to said appellate court on said appeal.

[4] ID.—CONCURRENT JURISDICTION IN HABEAS CORPUS—EFFECT OF. Although the superior courts of the state have concurrent jurisdiction with the appellate courts in *habeas corpus* proceedings, this does not mean that they have the power to interfere with the appellate jurisdiction of either the supreme or appellate courts in matters pending before said courts or to overrule or set aside a judgment rendered therein.

[5] ID.—BURGLARY WITH EXPLOSIVES — JURISDICTION — QUESTION ON APPEAL.—Where parties have been convicted in the superior court of the offense of burglary with explosives, the question of the jurisdiction of said court over the action and the parties is one presented on an appeal from the judgment, and, therefore, the superior court has no jurisdiction pending such appeal to pass upon such question on *habeas corpus;* and an order discharging the defendants on *habeas corpus* on such ground is illegal and void and does not deprive the court from imposing its final judgment of conviction.

(1) 17 C. J., p. 108, n. 46; 29 C. J., p. 8, n. 17, p. 12, n. 51.    (2) 15 C. J., p. 1029, n. 30, p. 1030, n. 32, p. 1031, n. 63, 65, 68 New; 29 C. J., p. 116, n. 7, 8, 9, 10, 11, 12, 13, p. 117, n. 34, p. 118, n. 36, p. 119, n. 40, p. 183, n. 14.    (3) 29 C. J., p. 21, n. 54 New.    (4) 29 C. J., p. 119, n. 48.    (5) 29 C. J., p. 21, n. 54 New, p. 178, n. 13.

APPLICATION for Writ of Prohibition to prevent the enforcement of a judgment in a criminal case.   Writ denied.

The facts are stated in the opinion of the court.

Harold Ide Cruzan for Petitioners.

U. S. Webb, Attorney-General, Erwin W. Widney, Deputy Attorney-General, Asa Keyes, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondents.

CURTIS, J.—The petitioners, Homer France and Jack Black, were convicted in the Superior Court of the County of Los Angeles upon two counts, each charging them with

4.   See 12 R. C. L. 1218.

the crime of burglary with explosives as defined by section 464 of the Penal Code, and upon a third count charging burglary. An appeal from the judgment of conviction was taken to the district court of appeal and by said last-named court the judgment as to one count of said information charging burglary with explosives was affirmed. As to the two other counts thereof the judgment was reversed. The decision of the district court of appeal was rendered on the twenty-ninth day of May, 1925 (73 Cal. App. 13, 238 Pac. 374). On the thirtieth day of July, 1925, the time within which an order for rehearing might be made having expired, the *remittitur* was filed in said Superior Court and on the following day a certified copy of the judgment of conviction of the crime of burglary with explosives, as alleged in one count of said information, was delivered to the sheriff. However, after the rendition of said decision by the district court of appeal and before the going down of said *remittitur,* the petitioners had filed in said Superior Court their application for a writ of *habeas corpus.* In support of their application they relied upon the case of *In re Schiaffino,* decided December 2, 1924, and reported in 70 Cal. App., page 65 [232 Pac. 719]. The appellate court in that case held that in a prosecution for the crime of burglary with explosives, as defined by section 464 of the Penal Code, the offense was a misdemeanor and punishable by imprisonment in the county jail only. The Superior Court in the *habeas corpus* proceedings instituted therein by petitioners followed the Schiaffino case and held that as the offense was a misdemeanor only and had been committed within the city of Los Angeles the Superior Court was without jurisdiction of the action. Accordingly said court on July 21, 1925, granted the writ of *habeas corpus* and ordered the petitioners to be discharged from custody. In the meantime the district attorney had filed in the justice's court of the township of Los Angeles a new complaint against petitioners charging them with the same offenses with which they had been charged in the original information and at the time the order discharging petitioners from custody was made the sheriff of said county had in his possession a warrant of arrest issued by the said justice's court, and under said warrant of arrest he continued to hold petitioners in custody, and upon receiving said commitment

as mentioned above, the sheriff, in compliance with its terms and on August 1, 1925, delivered petitioners to the warden of the state prison at San Quentin. Thereafter and on the twenty-fifth day of August, 1925, on motion of petitioners' attorneys said Superior Court made an order vacating said commitment and ordering that the petitioners be returned to the custody of said sheriff and be held by him in the county jail of said county "pending the further order of this court, and until the disposal of the subsequent cause now pending in the above entitled honorable Superior Court, entitled The People of the State of California, Plaintiff, vs. Jack Black and Homer France, Defendants, which said cause is numbered differentially from the one on which this order is given." Pursuant to said order petitioners were returned to the custody of said sheriff. A preliminary examination was held under the new complaint filed against them and after due proceedings had thereunder, an information was filed against petitioners in said Superior Court charging them with the offenses set forth in said new complaint, which offenses were the same as those charged against petitioners in the original information filed against them.

Subsequent to the twenty-first day of July, 1925, the date of the order granting said writ of *habeas corpus,* and on the twenty-ninth day of said month, the case of *In re Wilson,* 196 Cal. 515 [238 Pac. 359], was decided by this court. In that decision the case of *In re Schiaffino, supra,* was overruled and the offense of burglary with explosives was held to be a felony punishable by imprisonment in the state penitentiary. While the petitioners were being held pending their trial under the second information the district attorney on December 3, 1925, and undoubtedly relying upon the decision of this court in *In re Wilson, supra,* moved for an order of court remanding petitioners to the custody of the sheriff to be by him delivered to the warden of the state prison at San Quentin in accordance with the judgment rendered against them in the former or first action, which had been affirmed by the district court of appeal. This motion was opposed by petitioners. It was argued and submitted to the said court for decision and thereupon petitioners instituted this proceeding against said court and the judge thereof to prohibit said court from considering said last-mentioned motion and from taking any

further proceedings against petitioners in said former action. An alternative writ of prohibition was issued as prayed for by petitioners. The respondents have filed a return and answer to said writ setting forth the proceedings taken against the petitioners in the superior and in the district court of appeal in the actions pending therein against them. There is no dispute as to any of the facts involved herein.

It is the contention of petitioners that the order of court made in the *habeas corpus* proceeding on July 21, 1925, discharging said petitioners from custody had the effect of a final judgment releasing them from imprisonment under the judgment in the first or former action against them, and accordingly said Superior Court is without any authority or jurisdiction to remand petitioners to the custody of the sheriff of said county for the purpose of delivering them to the warden of the state prison or to make any order or to take any action whatever in the first or former action against petitioners. In support of this contention the petitioners rely upon sections 362 and 1469 of the Penal Code and upon expressions of this court found in the cases of *Grady* v. *Superior Court,* 64 Cal. 155 [30 Pac. 613], *Ex parte Robinson,* 71 Cal. 608 [12 Pac. 794], *Matter of Zany,* 164 Cal. 724 [130 Pac. 710], and *In re Begerow,* 136 Cal. 293 [56 L. R. A. 528, 68 Pac. 773]; as well as language to be found in *In re Crandall,* 59 Kan. 671 [54 Pac. 686], quoted with approval by this court in *In re Begerow, supra.*

Respondents disagree with this contention of petitioners. They further contend that the order of court discharging the petitioners in the *habeas corpus* proceeding was void for the reason that the Superior Court had no jurisdiction to entertain the application for said writ and, therefore, no power to grant the same for the reason that the action then pending against petitioners was on appeal to the district court of appeal, and that while said appeal was pending the said Superior Court had no jurisdiction over petitioners or in the action pending against them. This question, so far as our knowledge goes, has never been directly before the appellate courts of this state. The general rule, of course, is familiar and universally recognized that a duly perfected appeal divests the trial court of further jurisdiction of the cause in which the appeal has been taken. **[1]** The writ

of *habeas corpus,* however, although granted to inquire into the legality of one imprisoned in a criminal prosecution is not a proceeding in that prosecution, but, on the contrary, is an independent action instituted by the applicant therein to secure his discharge from such imprisonment (*State* v. *Schrader,* 73 Neb. 618 [119 Am. St. Rep. 913, 103 N. W. 276]). [2] In this state the power to issue the writ of *habeas corpus* is conferred by the constitution upon the supreme court and each of the justices thereof, the district courts of appeal and each of the justices thereof, and the superior court and "generally speaking as far as the power to issue the writ is concerned the supreme court, the district courts of appeal and the superior courts are upon the same plane." (13 Cal. Jur. 257; *Matter of Zany,* 164 Cal. 724 [130 Pac. 710]; *Matter of Hughes,* 159 Cal. 360 [113 Pac. 684].) By this is meant, however, as we understand these decisions, "that the decision of any court in a *habeas corpus* proceeding, provided the court has jurisdiction, cannot be reviewed by any other court in any way." (*Matter of Zany, supra,* p. 726.) The same principle is enunciated in the Hughes case, *supra,* although stated in slightly different language.

The precise point involved herein does not appear to have received an extensive consideration by the courts of other states. However, a case involving a question somewhat similar to the one now before us was before the supreme court in the state of Colorado. In that proceeding it appeared that James Doyle was adjudged guilty of contempt of court and committed to the county jail by the district court. From this judgment of conviction he appealed to the court of appeals and applied for a *supersedeas,* which was denied. He then presented to the supreme court his petition for a writ of *habeas corpus.* The latter court refused to consider such petition, holding that as the case was then on appeal to the district court of appeals the supreme court had no jurisdiction to entertain such a petition during the pendency of said appeal. In so holding the court said:

"With the case pending and undetermined in the court of appeals, can this court assume jurisdiction of this proceeding? That tribunal has obtained jurisdiction of the cause instituted there at the instance of the petitioner. The questions which he seeks to have determined in that action

are identical with those which he asks this court to pass upon by the proceedings instituted here; and, if this court can entertain jurisdiction of petitioner's application, it must be upon the theory that, by so doing, that of the court of appeals would be ousted, for, unless such would be the result, serious and embarrassing complications might arise. It is to prevent such difficulties and contests between courts over jurisdiction that the rule of law obtains that, where a court has obtained jurisdiction of an action, it cannot be interfered with by any other, but has the exclusive right to entertain and exercise such jurisdiction to the final determination of the cause. Works, Jur. 68; *Merrill* v. *Lake,* 16 Ohio, 373 [47 Am. Dec. 377]; *Taylor* v. *City of Ft. Wayne,* 47 Ind. 274; *Clepper* v. *State,* 4 Tex. 242; *Ex parte Booth,* 3 Wis. 145. Under this rule, the court of appeals having first acquired jurisdiction of the cause, this court, pending final judgment in that, cannot invade it by reviewing the judgment of the trial court in another proceeding. *In re Farrell,* 22 Colo. 461 [45 Pac. 428]. This rule is not only right in principle, but prevents unpleasant collision between different tribunals, and contests between them over the jurisdiction of causes, and has been universally recognized from the date when parties indicated in the federal courts for violation of the fugitive slave law sought to be released by *habeas corpus* through the medium of the state courts; for it would be a subversion of judicial power for one court to take a case from another having jurisdiction, or exercise supervision before its final decision was given. *Ex parte Robinson,* 6 McLean, 355, Fed. Cas. No. 11935; Church, Hab. Corp., Sec. 265; *Ex parte Bushnell,* 8 Ohio St. 599.'' (*In re Doyle,* 26 Colo. 52 [55 Pac. 1080].) Upon the authority of the case just referred to, and others of like character, the author of Corpus Juris, volume 29, page 116, lays down the following rule: ''Pursuant to a general rule of wide application, and upon which there is no conflict of authorities, it has been held that a court is without jurisdiction where it attempts by *habeas corpus* to interfere with the exercise by another court of jurisdiction theretofore acquired, whether such jurisdiction is acquired in another *habeas corpus* proceeding or on appeal, or otherwise, unless the prior jurisdiction has been terminated.'' In 12 Ruling Case Law, page 1218, we find the following

statement of the law: "The fact that the judges of the inferior court have concurrent jurisdiction with the highest appellate court in *habeas corpus* proceedings does not authorize a judge of an inferior court to entertain *habeas corpus* proceedings for the release of a prisoner whose conviction had been affirmed by the appellate court." Among the authorities relied upon for the above statement is the case of *People* v. *Superior Court,* 234 Ill. 186 [14 Ann. Cas. 753, 84 N. E. 875]. In that case a defendant by the name of Ralph Lipsey had been convicted of receiving stolen property in the superior court of Cook County. He was sentenced to the penitentiary. Thereafter he sued out a writ of error to the supreme court to review the record of his conviction. Upon the hearing of said writ the judgment of conviction was affirmed and Lipsey was taken to the penitentiary to serve his sentence. Thereafter and while so confined a petition was filed in his behalf in the superior court of Cook County for a writ of *habeas corpus* and said superior court was proceeding to hear said petition when the Attorney-General obtained leave to file in the supreme court a writ of *certiorari* directed to the said superior court and the judge thereof, before whom said *habeas corpus* proceedings were pending, to send up the record of said proceedings. Upon the hearing of said petition for a writ of *certiorari* the supreme court of Illinois quashed the *habeas corpus* proceeding and held that the superior court of Cook County was without jurisdiction to issue said writ of *habeas corpus.* The following language from this decision indicates the position taken by that court in said proceeding:

"The first question for determination is whether or not the Superior Court, or any judge thereof, had jurisdiction to order the issuance of this particular writ of *habeas corpus.* It appears from the petition for that writ that Lipsey had sued out of this court a writ of error to review the proceedings of the Criminal Court and that the judgment of that court had been by this court affirmed. It also appears that the question of the sufficiency of the verdict returned by the jury in the case in the Criminal Court was not raised by assignment of error in this court when the case was brought here and it is stated by that petition that neither Lipsey nor his attorney discovered the alleged insufficiency of the verdict until after the petition for rehear-

ing which was filed in this court had been denied. It is
urged in the brief filed in the present proceeding on behalf
of Lipsey, that 'If the judgment of the Criminal Court is
void and the Supreme Court of Illinois did not decide that
such judgment was valid, *habeas corpus* lies.' It is true
that the question as to the sufficiency of the verdict, and
the validity of the judgment based thereon, was not specifi-
cally presented when the case was brought here by writ of
error. It is also true that this question might then have
been presented to and passed upon by this court had Lipsey
seen fit to invoke the judgment of the court in reference
thereto. The general rule is, when a judgment is affirmed
by this court, all questions raised by the assignments of
error, and all questions that might have been so raised, are
to be regarded as finally adjudicated against the appellant
or plaintiff in error. A judgment or decree having been
affirmed by this court must be regarded as free from all
error. *Gould* v. *Sternberg*, 128 Ill. 510 [15 Am. St. Rep.
138, 21 N. E. 628]. . . .

"It is true, as contended by counsel both for respondent
and for Lipsey, that Circuit and Superior Courts, and the
judges of those courts, have concurrent jurisdiction with this
court in *habeas corpus* proceedings. That fact, however, does
not authorize either of those courts, or either of such judges,
to decide a question contrary to the way it has been decided
by this court. When this court, in the exercise of its ap-
pellate jurisdiction, has determined a question, either of law
or of fact, the matter is ended so far as the Circuit and
Superior Courts, and the judges thereof, are concerned, and
they may not, by reason of the fact that their jurisdiction
in *habeas corpus* is concurrent with that of this court, over-
rule or review such decision of this court dealing with
questions either of law or of fact. When the petition for
the writ of *habeas corpus* was presented to Judge McEwen
it appeared therefrom that the judgment in the criminal
case had been affirmed by this court, which, as we have
seen, was an adjudication that the judgment of conviction
was a valid one, and while he had all the power and author-
ity in a *habeas corpus* proceeding that is vested in any
other court or judge in the state, he was without power or
authority to determine that the judgment in question was

void, when, as a matter of law, this court had determined that it was valid.''

In *Ex parte Barfield* (Tex. Cr. App.), 44 S. W. 1095, the defendant, the petitioner therein, was convicted of a felony and sentenced to imprisonment in the penitentiary. He appealed from the judgment to the court of criminal appeals of the state of Texas. Thereafter he applied to the district court where he had been tried for a writ of *habeas corpus,* which was granted, but upon the final hearing thereon be was remanded· to the custody of the officer having him in charge. From this order remanding him he appealed to the said court of criminal appeals, a practice undoubtedly permitted under the practice of that state. The court of criminal appeals held that ''Relator has no right to the writ of *habeas corpus* under such a state of facts. Everything complained of by him in his application for the writ can be urged on his appeal.''

[3] It may not be necessary for us to go to the extent to which the courts in some of these cases have gone, and especially the supreme court of the state of Colorado in *In re Doyle, supra.* But we think there is sufficient to be found in the foregoing authorities to support this court in holding that a trial court, after an appeal from a judgment of conviction rendered by it in a criminal action has been perfected, is without authority to discharge through *habeas corpus* proceedings the appellant during the pendency of said appeal, for any error, defect, or other infirmity appearing or existing in the proceedings taken in said action which was or might have been legally presented to said appellate court on said appeal. There is nothing to be found in this state, nor for that matter in the courts of any other state to which our attention has been called or of which we have any knowledge, contrary to such a rule of procedure. We have not overlooked the provision of the constitution of the state investing the superior courts with power to issue writs of ''*habeas corpus* on petition by or on behalf of any person in actual custody in the respective counties,'' nor the provisions of the constitution conferring upon the supreme court and the district court of appeal power to issue like writs. [4] It may be conceded that the superior courts of the state have concurrent jurisdiction with the appellate courts in *habeas corpus* proceedings, but this does not mean

that they have the power to interfere with the appellate jurisdiction of either of said last-named courts in matters pending before said appellate courts or to overrule or set aside a judgment rendered therein.   It is not claimed that this could be done directly by any proceeding instituted for that purpose in the superior court, but if the last-named court has power under the constitution to discharge from custody by a writ of *habeas corpus* a defendant whose appeal is at the time pending before either of the appellate courts of the state, then the superior court may do indirectly that which it must be admitted it has no power to do directly. This question was considered by the supreme court of the state of Illinois in the case of *People* v. *Superior Court, supra.*  The respective courts of that state are vested with jurisdiction in *habeas corpus* proceedings to the same extent and in like manner practically as are the courts of our state, and in determining the extent of these powers the supreme court of Illinois held that the superior courts of that state "may not, by reason of the fact that their jurisdiction in *habeas corpus* is concurrent with that of this court, overrule or review" a decision of the supreme court.   In that case the supreme court set aside as void a judgment of the superior court of Cook County discharging on *habeas corpus* a prisoner whose conviction had been previously affirmed by said supreme court.

The court in that opinion went further than it is necessary for us to go in the determination of any question before us in the present proceeding.   That court held that an inferior court under its power to issue writs of *habeas corpus* was without jurisdiction to release from custody one imprisoned under a judgment which the supreme court of that state had determined to be valid.   We are holding simply that under the power invested in the superior courts of this state to issue writs of *habeas corpus* they are not given the authority to invade the jurisdiction of an appellate court, and to oust said appellate court of its jurisdiction in a criminal action pending before it on appeal by discharging on *habeas corpus* the appellant in said action on any ground appearing upon the face of the record on appeal, and which is raised or could be raised on said appeal.

The failure of the courts to recognize such a rule of procedure or one similar thereto would lead to the greatest of confusion resulting often in the failure of the courts to efficiently administer the law. In passing, we might call attention to the unusual condition shown by the record in the present proceeding, which might have been avoided if the above-mentioned rule had been observed.

[5] Upon the appeal taken by the petitioners herein to the district court of appeal the very question raised in the *habeas corpus* proceedings before the Superior Court, resulting in the order releasing petitioners, could have been presented to, and for aught that appears in the record was considered by the district court of appeal, although no mention of it was made in the decision. There surely was no reason why it could not have been so presented. The record on appeal showed that the petitioners had been tried and convicted of the offense of burglary with explosives in the Superior Court of the County of Los Angeles. Therefore, the question of the jurisdiction of said court over said action and over said petitioners was plainly apparent upon the face of said record, and there was no reason why it could not have been presented and decided on said appeal. Moreover, the Schiaffino case, on the authority of which the Superior Court discharged petitioners in the *habeas corpus* proceedings, had been decided by the district court of appeal of the first appellate district almost six months prior to the rendition of the decision of the district court of appeal of the second appellate district affirming the judgment of conviction against petitioners. It may be that the decision in that case was not called to the attention of the latter court or that said court did not consider the question decided therein in determining petitioners' appeal, but there was nothing to have prevented petitioners from directing the court's attention to it, nor was there anything which precluded said court from considering said decision and the questions decided therein. Therefore, petitioners have no ground to complain that they had no opportunity of presenting to the district court of appeal having jurisdiction of their appeal the very question raised by them later in their *habeas corpus* proceedings before the superior court.

As the question was one which either was raised or might have been raised before the appellate court, it could not,

during the pendency of said appeal, according to the rule announced herein, be raised before the trial court in *habeas corpus* proceedings instituted therein for the purpose of securing petitioners' release, and the trial court had no jurisdiction to entertain said proceedings during the pendency of said appeal. It follows, therefore, that the order of the trial court of date July 21, 1925, discharging petitioners was illegal and void; that said order did not deprive said court from later enforcing its judgment of conviction rendered against petitioners, and that said court has jurisdiction to entertain and decide the motion of the district attorney now pending before it to remand petitioners to the custody of the sheriff for the purpose of enforcing the judgment of conviction rendered against them in said Superior Court.

As the trial court had no jurisdiction to entertain the *habeas corpus* proceedings, it becomes unnecessary for us to consider whether or not the order made therein, and purporting to discharge petitioners from custody, was a final judgment releasing them from imprisonment as provided by section 1469 of the Penal Code. Being a void order it in no way affected the legality of petitioners' imprisonment. The petition for writ of prohibition is denied.

Seawell, J., Richards, J., Shenk, J., Langdon, J., Preston, J., and Waste, C. J., concurred.