[S. F. No. 19537.   In Bank.   Oct. 5, 1956.]

HARLEY O. TEETS, as Warden, etc., et al., Petitioners, v. THE SUPERIOR COURT OF MARIN COUNTY et al., Respondents; LAWRENCE GENE DOTSON, Real Party in Interest.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Petitioners.

No appearance for Respondents.

Donald D. Connors, Jr., and J. Stewart Harrison for Real Party in Interest.

SHENK, J.—This is a petition by the attorney general for a writ of prohibition to restrain the respondent superior court from entertaining a proceeding in habeas corpus sought by Lawrence Gene Dotson, the real party in interest, pending his appeal from a judgment of conviction of first degree murder, burglary and robbery.

The factual background and events resulting in Dotson's conviction are set forth in the opinion of this court in *People v. Dotson*, 46 Cal.2d 891 [299 P.2d 875]. As to the present proceeding in prohibition it appears that on October 27,

1955, while his appeal from the judgment of conviction in the criminal case was pending in the District Court of Appeal, Dotson filed a petition for the writ of habeas corpus in the superior court alleging that he was in the custody of Harley O. Teets, the warden of the state prison at San Quentin, and that his restraint was unlawful for numerous reasons. The superior court issued an order directing the warden to appear on January 20 and show cause if any he had why the writ of habeas corpus should not issue. On January 18 the attorney general sought a writ of prohibition in the District Court of Appeal in which the appeal was then pending, and an alternative writ was issued staying further proceedings in the habeas corpus matter. The cause was transferred to this court after that court had ordered a peremptory writ. (*Teets* v. *Superior Court,* (Cal.App.) 295 P.2d 140.)

█ All of the contentions urged in the habeas corpus proceeding were assigned as grounds for reversal on the appeal in the criminal case and have now been decided adversely to the appellant therein who is the petitioner in the habeas corpus proceeding. The attorney general contends that further proceedings on the petition in the superior court for the writ of habeas corpus should be stayed for the reason that such a proceeding may not be employed as an alternative to the pending appeal, and that such is the purpose of that proceeding. (See *In re McInturff,* 37 Cal.2d 876, 880 [236 P.2d 574]; *In re Seeley,* 29 Cal.2d 294, 296 [176 P.2d 24]; *In re Connor,* 16 Cal.2d 701 [108 P.2d 10]; *France* v. *Superior Court,* 201 Cal. 122, 131 [255 P. 815, 52 A.L.R. 869]; *In re Gutierrez,* 1 Cal.App.2d 281 [36 P.2d 712].)

It is obvious that the question raised by the attorney general became moot upon the determination of the appeal by this court in the criminal action. It is also true that the contentions advanced by the petitioner in habeas corpus have been determined by this court on the appeal from the judgment of conviction. It would therefore serve no useful purpose to continue the prosecution of either the habeas corpus proceeding or the proceeding in prohibition. However, if the trial court should assume, under these circumstances, to discharge the petitioner in the habeas corpus proceeding its order would be subject to appeal by the People as provided in section 1506 of the Penal Code.

The present proceeding in prohibition is dismissed.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.