[Crim. No. 22587. First Dist., Div. Three. Jan. 11, 1982.]

In re LEO ARTIS on Habeas Corpus.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Mark Fogelman, Deputy State Public Defender, for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Thomas A. Brady and Ronald E. Niver, Deputy Attorneys General, for Respondent.

OPINION

ANELLO, J.*—Ancillary to his appeal in No. 1 Crim. 21660, defendant Leo J. Artis has petitioned for a writ of habeas corpus, alleging incompetence of counsel.[1] (*People* v. *Pope* (1979) 23 Cal.3d 412, 428 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].)

*Assigned by the Chairperson of the Judicial Council.

[1]Initially, this court denied the petition without hearing on the ground that "relief ... has not been sought in the Superior Court." (Order of Mar. 31, 1981.) Defendant petitioned the Supreme Court for a *hearing* (see Pen. Code, § 1506: "... where an application for a writ of habeas corpus has been heard and determined in a court of appeal, ... the defendant ... may apply for a hearing in the Supreme Court ....."; cf. Cal. Const., art. VI, § 10; Pen. Code, § 1475; *Gardner* v. *California* (1969) 393 U.S. 367, 368, fn. 2 [21 L.Ed.2d 601, 603, 89 S.Ct. 580]; *In re Crow* (1971) 4 Cal.3d 613, 621, fn. 8 [94 Cal.Rptr. 254, 483 P.2d 1206], suggesting that where the Court of Appeal denies a petition for habeas corpus without hearing or decision, the petitioner's remedy is by a new petition for habeas corpus in the Supreme Court.) The Supreme Court granted a hearing and retransferred the "matter" to this court "for reconsideration—in light of *France* v. *Superior Court* [1927] 201 Cal. 122, 132 [255 P. 815, 52 A.L.R. 869]." (Order of Apr. 29, 1981.) Again this court denied the petition for writ of

The petition alleges that petitioner's trial counsel failed to conduct a reasonable investigation which would have revealed the jail medical records documenting his claim that he had received an injection of a drug which had the effect of impairing mental alertness. (See the facts stated in our opinion on appeal, *People* v. *Artis*■ (Cal.App.).) It is further alleged that counsel failed to present to the court such documentation or other evidence of medication received by petitioner and its effects, permitting the trial court to conclude that "whether or not the jail people have given him some sort of medication for some illness or whatever, or

---

habeas corpus without hearing, stating the following reason: "The petition seeks to present evidence outside the appeal record and suggests the need for an evidentiary hearing. The superior court is a more appropriate forum for such hearing. *France* v. *Superior Court* ... does not divest the trial court of habeas corpus jurisdiction under these circumstances." (Order of May 14, 1981.) Defendant again petitioned for a *hearing* in the Supreme Court, which granted it and "retransferred the matter" to this court "for hearing." (Order of June 10, 1981.)

We did not issue a writ or order to show cause returnable before ourselves but determined, by an opinion filed October 20, 1981, that defendant had made a sufficient prima facie statement of specific facts which, if established, would entitle him to habeas corpus relief (see *In re Hochberg* (1970) 2 Cal.3d 870, 875, fn. 4 [87 Cal.Rptr. 681, 471 P.2d 1]), and we therefore "remanded the matter" to the trial court "for a hearing as to whether counsel made a reasonable investigation of the medical records and, if he did so, whether he made a reasonable choice not to present them or other evidence of the effect of the medication on appellant's mental condition at the time of his plea of guilty." We directed the trial court, should it find that counsel made no such investigation or choice, to conduct a new hearing on defendant's motion to withdraw his plea. Thus we neither granted nor denied defendant's petition, but, in effect, issued the writ or an order to show cause returnable before the superior court. We also directed that, if the court should find that counsel was not incompetent, the judgment would be affirmed as modified on appeal—which, of course, would have been the result even without such direction and would not have precluded review of the finding by a new petition for habeas corpus. (*In re Crow, supra,* 4 Cal.3d at p. 621, fn. 8; *In re Wright* (1978) 78 Cal.App.3d 788, 801 [144 Cal.Rptr. 535].) In addition, however, we further directed that, if the trial court found incompetence but denied defendant's motion to withdraw his plea, the judgment would be affirmed as modified. This direction was mistaken because it would have purported to preclude review of the denial of the motion to withdraw plea *in the light of all relevant evidence which competent counsel might produce.*

Defendant once more petitioned the Supreme Court for a hearing as to both the issues raised on appeal and on habeas corpus. The Supreme Court denied the petition. (Order of Dec. 16, 1981.) On the same date, however, it ordered a hearing on its own motion, transferred the appeal and the habeas corpus matters to itself and retransferred them to this court with directions—so far as the habeas corpus matter is concerned—to vacate our order consolidating the appeal and petition for writ of habeas corpus and "to grant or deny the petition for writ of habeas corpus or issue an order to show cause returnable before [ourselves] or before the superior court."

Accordingly, we hereby issue an order to show cause returnable before the trial court for the reasons which are stated in the above text.

what the effects of those were, there's insufficient evidence before the court ...."

■ The """duty to investigate carefully all defenses of fact and of law that may be available to the defendant""" (*People* v. *Pope, supra,* 23 Cal.3d at p. 425) encompasses the duty, in relation to a motion to withdraw a guilty plea, to investigate whether the defendant had the mental competence to make the plea—i.e., the "'... ability to make a reasoned choice among the alternatives presented to him and to understand the nature of the consequences of his plea.'" (*Sieling* v. *Eyman* (9th Cir. 1973) 478 F.2d 211, 215; *de Kaplany* v. *Enomoto* (9th Cir. 1976) (en banc) 540 F.2d 975, 985 [38 A.L.R.3d 215]; *People* v. *Hazelaar* (1981) 125 Cal.App.3d 1017, 1026 [178 Cal.Rptr. 491].) Counsel was alerted to the duty to examine the jail medical records by petitioner's statement that, on the morning he pleaded guilty, he had been given "codeine—that morning they [i.e., the 'jail medic'] shot me with 50 milligrams of Benadryl, they gave me two Libriums and another green pill." The failure to carry out a limited investigation could constitute incompetence of counsel, even if counsel did not personally credit petitioner's statement or doubted that the medication had affected his mental alertness, unless some extraordinary excuse not presented to us should appear.

Respondent argues in opposition to the petition that a competent counsel could reasonably have decided not to present the jail medical records because they do not support and, indeed, tend to defeat petitioner's claim that his mental alertness was affected. The records, it is true, do not show any such effect, and in that sense do not support the claim, but they do show a drug reaction and the injection of Benadryl. What the effect was would be a matter for further evidence in the form of expert opinion. But it is not true that the records tend to defeat petitioner's claim; they show that when receiving antipsychotic medication (which Benadryl is not), petitioner was "alert," "oriented," and "coherent." This antipsychotic medication consisting of Haldol, Artane, and Thorazine was discontinued approximately three weeks before petitioner pleaded guilty.

But what is of greater significance for present purposes is that counsel could not reasonably have decided not to present the records if he had not examined them. (See *Powell* v. *Alabama* (1932) 287 U.S. 45, 58 [77 L.Ed. 158, 165, 53 S.Ct. 55, 84 A.L.R. 527]; *In re Williams* (1965) 1 Cal.3d 168, 177 [81 Cal.Rptr. 784, 460 P.2d 984]; *People* v. *Ibarra* (1963) 60 Cal.2d 460, 466 [34 Cal.Rptr. 863, 386 P.2d 487];

*Brubaker* v. *Dickson* (9th Cir. 1962) 310 F.2d 30, 39.) We do not know whether counsel made an investigation, or what excuse he might have for failing to do so or for failing to present evidence of petitioner's mental condition. Those factual determinations will be for the trial court to make.

Respondent also argues that it would have made no difference if counsel had presented the jail medical records because the court determined, based on its own observations, that petitioner was not so under the influence of drugs that he was unable to enter a plea of guilty and that the reason he pleaded guilty was to benefit his wife. The court was entitled to take into account its own observations but it could not make its decision without considering all the evidence, and petitioner was entitled to have all the evidence presented. This is particularly true where the effects of the medication may not have been detectible by the layman and are a subject of expert opinion. It does not follow from the fact that petitioner's motive in pleading guilty was to benefit his wife that he made a reasoned choice to do so.

We do not express any view on whether petitioner made such a choice. That question, too, will be for the trial court to decide in the event that it determines that petitioner was denied the effective assistance of counsel in presenting the evidence bearing on that question.

At the show-cause hearing, the trial court shall determine whether counsel made a reasonable investigation of the medical records, and if he did so, whether he made a reasonable choice not to present them or other evidence of the effect of the medication on petitioner's mental condition at the time of his plea of guilty. If the court finds that counsel did not make such investigation and did not make such a choice, then it shall conduct a new hearing on petitioner's motion to withdraw his plea, considering all relevant evidence, applying the standard set forth herein, and exercising its discretion in accordance with Penal Code section 1018. (*People* v. *Cruz* (1974) 12 Cal.3d 562 [116 Cal.Rptr. 242, 526 P.2d 250].)

Let an order to show cause issue.

White, P. J., and Barry-Deal, J., concurred.