[No. F010136. Fifth Dist. Dec. 7, 1988.]

IN RE WILLIAM E. BAKER on Habeas Corpus.

COUNSEL

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Joel Carey and Thomas F. Gede, Deputy Attorneys General, for Plaintiff and Appellant.

Abram A. Davis, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

**WOOLPERT, Acting P. J.**—Defendant and respondent William E. Baker has been found guilty twice of the same crime and separately sentenced to

prison, the first time for six years and a second time for three years. The shorter three-year term was the result of a petition for habeas corpus relief being granted in the trial court on the basis of ineffective trial counsel. However, three weeks after the imposition of the new, three-year sentence, the appeal from the first judgment to this court was concluded by our order affirming the judgment sentencing defendant to prison for six years. This curious state of affairs is the result of arguably conflicting positions taken by the trial court and this appellate court. As we will point out, the conflict is more superficial than real. Because of appropriate habeas corpus proceedings, the second sentence became the only viable one.

It is unnecessary for us to dwell long on the rather complex proceedings leading to this appeal, or on the facts which resulted in the defendant being charged with multiple violations of Penal Code section 288, subdivision (a) (lewd and lascivious acts with a child under 14 years of age). Each time, defendant was convicted of the same, single count in the trial court.

At the first trial, the jury deadlocked on all but one count. Convicted of one count and sentenced to prison for six years, defendant appealed. In his appeal he raised three issues; in the third issue he alleged he had been denied effective assistance of counsel—an issue he said would depend on evidence outside the record. While the appeal was pending he moved in this court for authorization to file a petition for habeas corpus relief on the same ground. This was an appropriate procedure in the interest of judicial economy. (*People* v. *Pope* (1979) 23 Cal.3d 412, 426, fn. 17 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].)[1] We denied the motion without prejudice to

---

[1] An ineffective assistance of counsel issue may involve single or multiple acts of trial counsel. Reversal may be required by a single act or omission of counsel, or depend upon cumulative conduct. Only part of the evidence necessary to review allegations of ineffectiveness may be on the record before the appellate court. Appellate defense counsel must assert the issue by a petition for habeas corpus relief when the existing record is insufficient. Ordinarily, if an appeal is pending the petition would be offered to the appellate court. Because there may be an uncertainty whether the appellate court will hear the petition and join it with the appeal, or will prefer the contentions outside the record to be first decided by the trial court, counsel appointed to represent the appellant may need instructions concerning whether the issue will be heard, by which court, and the source of compensation for the effort. Appellate defense counsel may have to look to the superior court for appointment and compensation if the petition is to be heard in that court. As a result, a practice has arisen—at least in our court—by which appellate counsel files a *motion* for authority to file a habeas corpus petition in our court. The motion is accompanied by supporting information describing the nature of the alleged failure of trial counsel and whether resolution of the issue requires the taking of evidence not disclosed by the record on appeal. If the motion is granted, the petition may be filed with us when prepared, and we regard the entire issue of incompetence of trial counsel to be before us. If the motion is denied without explanation, the assumption is that it lacked sufficiency for any purpose. If "denied without prejudice to counsel filing the same petition with the trial court," *we consider the issue, to the extent asserted, to be open for possible offer to the trial*

counsel filing the same petition with the trial court. Significantly, our order gave defendant no advice concerning when the petition could be filed below.

Thus, while the appeal from the first judgment of conviction was pending in this court, defense counsel followed the advice implicit in our order and promptly sought habeas corpus relief in the trial court.

■ A full and fair appellate review of allegations of ineffective assistance of trial counsel ordinarily depends upon the issue being first urged in the trial court and an adequate record being made prior to the filing of the notice of appeal. However, complaints about the conduct of trial counsel often do not arise until appellate counsel is appointed and the trial court has lost its ordinary fact-finding jurisdiction. When this has occurred, further factual resolutions must be made by an appropriate trier of fact. One recognized procedure is for the appellate court to entertain the petition and appoint a special referee to take evidence. (*In re Barnes* (1985) 176 Cal.App.3d 235, 236 [221 Cal.Rptr. 415]; *People* v. *Corona* (1978) 80 Cal.App.3d 684, 706 [145 Cal.Rptr. 894].) Another is for the appellate court to issue an order to show cause returnable in the superior court before whom the matter is to be heard. (*In re Hochberg* (1970) 2 Cal.3d 870, 873-874 [87 Cal.Rptr. 681, 471 P.2d 1].) Now we must decide whether our "denial without prejudice" method is proper, and whether the petition in the trial court was timely undertaken by the defendant.

After defendant's petition for habeas corpus relief was filed in the trial court, two proceedings were in progress. The appellate review before us proceeded in the usual, deliberate and unaccelerated time sequence. Meanwhile, in the trial court defense counsel advised the court the purpose of the writ was to submit material not disclosed in the record on appeal. The district attorney then informed the court of his opinion the petition for habeas corpus relief should be granted, provided the defendant plead guilty to the single count and be sentenced to the lower term of three years. In effect, there was a negotiated plea after the interested parties made use of the habeas corpus procedure to reexamine the circumstances. As a result, defendant was sentenced to three years in prison. Three weeks later, we affirmed the first judgment by which defendant received the six-year prison term.

■ Now, on this appeal from the second judgment, the People, by new counsel, argue the superior court lacked jurisdiction to hear the habeas corpus petition. Therefore, the longer six-year sentence we affirmed on the

court. In this case the argument concerns *when* the trial court may consider and resolve the issue if presented, not whether the matter may be further asserted.

first appeal controls; the second judgment should be void. The Attorney General argues *our order denying the motion to file a habeas corpus petition "without prejudice"* simply meant the defendant had to await our resolution of the appeal. Only after appellate jurisdiction terminated could defendant file a petition in the trial court. We disagree.

An appellate court may choose to use the reference procedure when under the circumstances it believes the reference will only briefly delay the appeal and yet fully resolve the issue while the appeal is pending. Alternatively, the order to show cause procedure may be deemed appropriate. Finally, there is the third, less formal and less directive, "without prejudice" alternative which we followed in this case. We simply denied habeas corpus *relief based upon the record and circumstances before us, without prejudice* to a similar motion being made in the superior court if, and only if, defendant desired to further urge the matter.

We do not challenge the Attorney General's position that the defendant who loses his appeal may *later* gain relief by a habeas corpus petition if the claim of inadequacy of trial counsel could not have been determined by the appellate court without going outside the record on appeal. In such circumstances the habeas corpus petition is not being improperly used either as substitute for an appeal, or as a second appeal. However, we find no jurisdictional conflicts of the kind which would make it improper for the appellate *court to deny immediate relief, without prejudice to the trial court* promptly hearing the matter while the appeal is pending.

In a case as procedurally complex as this one, but with dissimilar facts, our high court considered the effect of the California trial and appellate courts having concurrent habeas corpus jurisdiction, and the effect each court might have on the other if an attempt were made to litigate on several levels at the same time. (*France* v. *Superior Court* (1927) 201 Cal. 122 [255 P. 815, 52 A.L.R. 869].) Each side to this appeal relies on that decision. Yet, *France* does not suggest that in all circumstances of this kind the superior court loses its habeas corpus jurisdiction until after the appeal is completed. ■ The following observations, when read together, lead to the opposite conclusion.

"The general rule, of course, is familiar and universally recognized that a duly perfected appeal divests the trial court of further jurisdiction of the cause in which the appeal has been taken. The writ of *habeas corpus,* however, although granted to inquire into the legality of one imprisoned in a criminal prosecution is not a proceeding in that prosecution, but, on the contrary, is an independent action instituted by the applicant therein to

secure his discharge from such imprisonment [citation]." (*Id.* at pp. 126-127.)

The court then pointed out that the state high court, the courts of appeal, and the superior courts all have the same power to issue the writ. In effect, the courts are on the same plane. However, to avoid "serious and embarrassing complications," a rule of procedure must be observed providing for noninterference once a court entertains a matter. This restraint on the exercise of "equal" jurisdiction, as it applies to the trial court, is "simply that under the power invested in the superior courts of this state to issue writs of *habeas corpus* they are not given the authority to invade the jurisdiction of an appellate court, and to oust said appellate court of its jurisdiction in a criminal action pending before it on appeal by discharging on *habeas corpus* the appellant in said action on any ground appearing upon the face of the record on appeal, and which is raised or could be raised on said appeal." (*Id.* at p. 132.)

Thus it is clear the "same plane" aspect of habeas corpus jurisdiction is a qualified one. ■ A long accepted rule of procedure precludes the trial court from exercising its habeas corpus jurisdiction as to questions which are raised or might have been raised before the appellate court while an appeal is pending from the criminal case judgment. If such issues may be properly asserted and resolved without resort to extrinsic evidence at the appellate level, the trial court has "no jurisdiction" to entertain the same issue while the appeal is pending.

In the *France* case we find qualifications to its rule of procedural, jurisdictional analysis. The appellate court gains exclusive jurisdiction of the issues "appearing upon the face of the record." (201 Cal. at p. 132.) The court in *France* found the issue before the Court of Appeal was "plainly apparent upon the face of said record, and there was no reason why it could not have been presented and decided on said appeal." (*Id.* at p. 133.) Therefore, when the issue can be raised *and decided on the appeal,* it must be or is lost. When the record is insufficient for that purpose, other possibilities exist. The appellate court may use procedures to develop further evidence for its own use, or may find the circumstances make it more appropriate for the superior court to first hear and decide the question. In the latter case the appellate court has suffered no interference; it has exercised its discretion not to hear the matter in the first instance.

■ In this case defendant's appellate counsel exercised care in protecting his client from a mistaken approach to the issue. He first sought our permission to file a habeas corpus petition for joinder with the appeal. When denied this remedy, he successfully obtained permission in the trial court to

assert the issue. He kept this court on notice of the proceedings in the trial court. Although we did not accompany our "without prejudice" denial order with an explanation, it came later when the opinion on the first appeal observed that "[t]he record in the present case is totally deficient for adequate resolution of some of the claims of ineffective counsel." We might have so indicated earlier when we denied counsel the right to join a habeas corpus petition with the appeal.[2] Nevertheless, the question of potentially conflicting jurisdiction was resolved when we indicated the denial was without prejudice to filing the petitions with the trial court.

For these reasons we hold our denial set no time limitations other than those applying in any case where there is a long delay in the use of the writ. Once we determined not to accept and hear the petition, the trial court was free to determine the matter, irrespective of the pendency of the appeal because facts essential to granting relief were extrinsic to the appellate record. Although the two proceedings would be pending at the same time, neither would interfere with the other.

■ Finally, the Attorney General argues contradictory judgments may not stand in the same case. No authority is cited for this proposition. We foresee no problem. Each judgment has reached us on appeal. The first in time sequence has been affirmed, as will be the second in time on this appeal. Each concerned different evidence and different records. The first judgment affirmed on appeal did not survive the collateral attack brought by the habeas corpus petition, or the negotiated plea agreed to by the People resulting in the second judgment from which this appeal has been taken. As the Attorney General argues, the habeas corpus proceeding might have been delayed until after the first appeal was concluded. Nonetheless, we see no difference in the result, whether the second proceeding was started before or after the first appeal was heard and resolved.[3]

---

[2] It should be apparent a "denial without prejudice" order suggesting the petition may be filed before the superior court, means the appellate court has determined the issue as asserted cannot be fairly resolved on the appellate record, and that it would be appropriate for the superior court to hear the issue in a habeas corpus proceeding. We acknowledge it would have been more informative to counsel and the superior court if we had been explicit as to when the petition could be filed and to what extent that issue could be considered by the superior court. The same result would apply if we issued an order to show cause returnable in the trial court, excepting that the proceeding would be required rather than at the election of the defendant.

[3] We must add a word of caution. If the defendant had not sought in this appellate court to file a petition for habeas corpus relief due to ineffective assistance of trial counsel, certain risks would have been present. We might have understood the issue was adequately before us and found it lacked merit. In the absence of a contention made to us that off record evidence existed on the issue, we could assume there was none. In a case involving a combination of on record and off record evidence, an attempt later to assert the issue might be met with a denial of habeas corpus relief on the frequently stated basis the issue was waived because not assert-

The judgment is affirmed.

Hamlin, J., and Best, J., concurred.

---

ed on the appeal. Only when the evidence supporting the claim is entirely off record is the defendant "safe" in seeking relief later, assuming no unreasonable delay.