## IN THE MATTER OF THE APPLICATION OF LAWRENCE FARRELL FOR A WRIT OF HABEAS CORPUS.

1. JURISDICTION—HABEAS CORPUS.

The court of appeals having acquired jurisdiction of a criminal case by writ of error made to operate as a *supersedeas,* no other court has the power by *habeas corpus* proceedings or otherwise to invade that jurisdiction, to review its action, change or modify its orders.

2. SAME.

The court of appeals has inherent power to protect its own jurisdiction, and may ignore an unauthorized interference therewith by a district court.

*Original Proceeding—Habeas Corpus.*

Mr. H. B. JOHNSON, for petitioner.

Mr. CALVIN E. REED, for respondent.

PER CURIAM.     From the petition and accompanying documents it appears that during the April term of the Arapahoe

county district court the petitioner was indicted, tried and convicted as an accessory during the fact to a certain robbery, and on July 8, 1895, was sentenced to the penitentiary of the state of Colorado, at hard labor, for the period of two years, and to pay a fine of $10.00 and costs. On July 11, 1895, he lodged with the clerk of the court of appeals a transcript of record and a bill of exceptions in said cause, together with his assignments of error thereon, and sued out a writ of error to this judgment and sentence. On his application this writ of error was made to operate as a *supersedeas* upon his entering into a recognizance to the people of the state of Colorado, conditioned according to law, in the penalty of $2,000.

He failed to furnish such bond and remained in the jail of Arapahoe county, Colorado, in the custody of the sheriff of said county, until February 6, 1896. On January 30, 1896, he filed in the district court of said county a petition for a writ of *habeas corpus*, wherein he alleged that he was unlawfully imprisoned by Elias H. Webb, sheriff of Arapahoe county, at the county jail aforesaid, and                    .

" That said imprisonment, detention, confinement and restraint are illegal; and that the illegality consists in this, to wit: That your petitioner was tried and convicted for being present at the time of the perpetration of a robbery, and not interfering and doing all in his power to prevent the commission of the said offense; that for that alleged offense your petitioner was sentenced to hard labor in the state penitentiary for a term of two years; that this sentence was illegal and void; that the statute defining the said offense does not describe any place of punishment and therefore your petitioner should only have been sentenced upon the indictment and verdict in the said case to imprisonment in the county jail;" etc.

On this petition the court issued a writ of *habeas corpus* to the sheriff, returnable on January 31, 1896, at the hour of ten o'clock A. M. Thereafter, on the 4th day of February, 1896, the sheriff filed his return to said writ, from which it

appeared that he was holding the petitioner in custody by virtue of a *mittimus* issued out of the district court of the second judicial district of the state of Colorado, commanding him, the sheriff, to convey the said petitioner to the common jail of Arapahoe county, and from thence to the penitentiary of the state of Colorado ; and also setting forth the suing out of a writ of error from, and the granting of a *supersedeas* by the court of appeals; and that the cause was still pending and undetermined in that court. To this return petitioner interposed a demurrer, and thereafter the case coming on to be heard, on February 6, 1896, the court ordered that said petitioner be forthwith released from custody, but that he nevertheless be required to enter into a recognizance in the penal sum of $500 conditioned for his appearance in the district court on the first day of the next regular term ; and from day to day and term to term thereafter, etc.

In pursuance of this order, the petitioner entered into a recognizance, and thereupon was released from custody. Thereafter, on the application of the attorney general, the court of appeals issued a writ of *certiorari* to the district court, commanding it to certify to that court a complete transcript of the record of said *habeas corpus* proceedings ; and further ordered the sheriff of Arapahoe county to apprehend the petitioner and take him into custody, and confine him in the common jail of Arapahoe county, until further order of that court. In pursuance of this order the sheriff rearrested the petitioner and now holds him in custody.

The facts thus fully appearing upon the application, by request of counsel for petitioner and the attorney general, argument was heard as to the right of petitioner to the issuance of the writ thereon. It is urged by counsel for petitioner that his present confinement in the county jail is illegal and unauthorized for two reasons : first, that the original sentence is void, or at least in excess of the jurisdiction of the court, in that it imposes an imprisonment in the penitentiary, for the reason that the statute under which the conviction was had, not providing for the place of imprisonment,

imprisonment could only be in the county jail; second, that the order of the district court discharging him from custody is conclusive, and that his rearrest and confinement under the order of the court of appeals is illegal.

We think a sufficient answer to the first of these contentions is found in the fact that the petitioner is not undergoing imprisonment in the penitentiary, the enforcement of the sentence in that particular having been stayed by the *supersedeas* issued by the court of appeals. Since he only complains of the unlawfulness of the place of imprisonment designated in the sentence, and having by the *supersedeas* been relieved from undergoing that part of the sentence, he has already obtained the relief sought, so far as that feature is concerned; and the question of the lawfulness or unlawfulness of the sentence in respect to the place of confinement, and whether such question can be determined on *habeas corpus*, is not before us for consideration.

The second ground upon which petitioner predicates his right to invoke the jurisdiction of this court in *habeas corpus* is this: The district court having discharged the petitioner on *habeas corpus*, that its judgment is conclusive, whether right or wrong, and the rearrest of petitioner under the order of the court of appeals was without authority of law, and therefore his present imprisonment is illegal. While it is true that the release of a person on *habeas corpus* by a court having jurisdiction is conclusive upon all other courts, it does not follow that a release by a court or judge will be given this effect, regardless of whether such court or judge had jurisdiction to interfere upon *habeas corpus* or to grant the discharge. It is equally well settled that when a court has obtained jurisdiction of a case, no other court of concurrent jurisdiction will interfere; much less will a court of inferior jurisdiction undertake, on a *habeas corpus* proceeding, to review the action of an appellate court in a case of which such court has exclusive jurisdiction.

The petitioner availed himself of the right to transfer the cause to the court of appeals on error, and had applied for

and obtained a *supersedeas* from that court, which stayed the execution of the sentence until the determination of such writ of error; and an order releasing him from custody upon entering into the recognizance prescribed. The court of appeals had therefore obtained jurisdiction of the case, and in the exercise of its jurisdiction had issued a lawful order touching the custody of petitioner; and no other court in *habeas corpus* or in any other manner had the right to invade that jurisdiction and review its action, and change or modify its order. This the district court of Arapahoe county undertook to do; and while it is claimed that its judgment was a legitimate exercise of its jurisdiction under the *habeas corpus* act, it was neither more nor less than a conditional release of petitioner from custody, and, in effect, a modification of the *supersedeas* issued by the court of appeals, in that it reduced the amount of bail prescribed by that court as a condition precedent to his release from custody. At the time of such interference, there is no question as to the legality of petitioner's confinement. The execution of the original sentence of which he complains was then stayed by the *supersedeas*, and he was held in custody by an express provision of the criminal code regulating the issuing of writs of error and *supersedeas* in such cases. Sec. 972, Gen. Stats. 1883. In these circumstances, the interference by the district court was unauthorized, and its action, being without jurisdiction, was void; and the court of appeals, in the exercise of its inherent power to protect its own jurisdiction, had the right to ignore an unauthorized interference by that court, and enforce its original order by remanding the prisoner into custody.

This court, in the exercise of its original jurisdiction, is also without authority to take cognizance by *habeas corpus* of a case pending in the court of appeals, and alter or modify any lawful order made by that court in carrying out its appellate jurisdiction. The writ is therefore denied.

*Denied.*