The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Oscar BONILLA–GARCIA, Defendant–Appellant.

No. 99CA2370.

Colorado Court of Appeals, Div. V.

Oct. 11, 2001.

Rehearing Denied Dec. 20, 2001.

Certiorari Denied Aug. 5, 2002. *

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.2000.

* Justice MARTINEZ would grant as to the following issue:

When one panel of the court of appeals orders a limited remand to litigate a sentencing issue, and the defendant appeals the sentencing issue, whether another panel of the court of appeals erred by dismissing the appeal on the basis that the remand was unauthorized.

Whether section 18-1-410(1)(f), C.R.S., authorizes retroactive application of a reduced sentence for defendants previously convicted of drug crimes as "special offenders".

Ken Salazar, Attorney General, Laurie A. Booras, First Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Lisa Dixon, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge ROY.

The defendant, Oscar Bonilla–Garcia, appeals the trial court's order denying his post-conviction motion for sentence reduction. We dismiss the appeal.

The defendant was convicted at trial of possession of eight or more ounces of marijuana and possession of marijuana with intent to distribute, and he was found to have committed these offenses as a "special offender" by knowingly importing or possessing more than one hundred pounds of marijuana. All of the offenses were committed on May 30, 1995. The trial court sentenced the defendant to twenty-four years and one day in the custody of the Department of Corrections (DOC).

The statute then in effect provided for a sentence with a minimum term of years greater than the presumptive range but not more than twice the maximum term within the presumptive range for a class two felony. Colo. Sess. Laws 1992, ch. 71 at 361–64; § 18–1–105, C.R.S.2001. Thus, the applicable range for the defendant was twenty-four years and one day to forty-eight years, and defendant's sentence was the minimum sentence.

In 1997, effective for offenses committed on or after July 1, 1997, the General Assembly amended the special offender statute by reducing the penalty to at least the minimum term of years but not more than twice the maximum term of years within the presumptive range for a class two felony. Colo. Sess. Laws 1997, ch. 263 at 1542; §§ 18–1–105, 18–18–407(1), C.R.S.2001. The applicable range for a class two felony at that time was eight years to forty-eight years. Had that amendment been applicable, the defendant's sentence here would be three times the minimum sentence.

The defendant appealed the judgment of conviction, and a division of this court affirmed. *People v. Bonilla–Garcia,* (Colo. App. No. 96CA0766, Aug. 13, 1998) (not selected for official publication). After the supreme court denied the defendant's petition for a writ of certiorari on March 15, 1999, the defendant filed a motion in this court asking for a stay of the mandate and for a limited remand to the trial court for a determination of whether the 1997 amendment substantially reducing the minimum penalty for his offense constituted a "significant change in the law" that should be applied retroactively pursuant to § 18–1–410(1)(f)(I), C.R.S.2001. The defendant's request was granted over the objection of the People. On remand, the trial court ruled that the length of the defendant's sentence was appropriate, and on June 3, 1999, this court issued its mandate.

On July 1, 1999, the defendant filed a motion in this court to recall the mandate on the grounds that the trial court had not complied with the original limited remand. The mandate was recalled, and the People were directed to file a response to the defendant's motion for a second limited remand to accord the trial court another chance to comply with the first limited remand. After considering the People's response, the division, on August 9, 1999, withdrew the mandate and remanded the case to the trial court with explicit orders to make a specific determination and finding as to whether § 18–1–

410(1)(f)(I) justified relief from the defendant's sentence.

Upon remand, the trial court denied relief, concluding that the effective date of the 1997 amendment precluded its retroactive application because it expressly applied only to offenses committed on or after July 1, 1997. The mandate then issued with the consent of the defendant. This appeal followed.

On appeal, the People, relying on C.A.R. 41.1, argue that this court lacked the authority to stay or withdraw the mandate and, therefore, the trial court lacked jurisdiction to consider defendant's motion. This argument was not presented to the division that stayed and then recalled the mandate and granted the limited remands. However, because the issue is jurisdictional, we must address it. We do so now, and we agree.

C.A.R. 41.1 provides, in pertinent part, as follows:

> The Supreme Court, the Court of Appeals, or a justice or judge thereof may upon just terms stay the issuance of, or recall, any mandate of the Court of Appeals *until the time for seeking review by the Supreme Court expires, or if review is timely sought until it is granted or refused,* or if review is granted until final disposition of the case by the Supreme Court. The stay may apply to any judgment entered or standing affirmed in any court pursuant to the mandate of the Court of Appeals .... (emphasis added)

We conclude that the authority of this court to stay or withdraw a mandate expires as provided by the rule, or, as applied here, when the supreme court denied the defendant's writ of certiorari. Therefore, the division exceeded its authority when it initially stayed and later withdrew the mandate.

Appeal dismissed.

Judge ROTHENBERG and Judge TAUBMAN concur.