The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jason M. MAZZONI, Defendant–Appellant.

No. 04CA0581.

Colorado Court of Appeals, Div. V.

Sept. 21, 2006.

Certiorari Denied Aug. 13, 2007.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.

John W. Suthers, Attorney General, Matthew S. Holman, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Pamela A. Dayton, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Jason M. Mazzoni, appeals the six-year sentence imposed upon his conviction for felony menacing. We affirm.

Defendant was originally charged with second degree assault (serious bodily injury), third degree criminal trespass, and crime of violence in connection with an incident where he and another person punched the victim in the jaw. At the time, defendant was eighteen years old. The victim's jaw was fractured in two places and dislocated as a result of the blows.

Pursuant to a plea bargain, defendant entered a plea of guilty to an added count of felony menacing, § 18–3–206, C.R.S.2006, in exchange for the dismissal of the original charges.

Under § 18–1.3–401(1)(a)(V)(A), C.R.S. 2006, the presumptive range sentence for defendant's crime, a class five felony, was one to three years imprisonment. Based on its findings with respect to the nature of the victim's injury, defendant's prior juvenile record, and defendant's having been on juvenile probation when he committed the present offense, however, the trial court sentenced him to the maximum in the aggravated sentencing range, that is, six years imprisonment. *See* § 18–1.3–401(1)(a)(V)(A), (6), C.R.S.2006.

## I.

Defendant contends that the trial court violated his Sixth Amendment right to a jury trial by imposing a sentence beyond the maximum presumptive range, based on facts not found by a jury beyond a reasonable doubt. We disagree.

Under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000), "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

The relevant statutory maximum for purposes of *Apprendi* is the maximum sentence the trial court may impose "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington*, 542 U.S. 296, 303, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004)(emphasis omitted).

In *Lopez v. People*, 113 P.3d 713, 722 (Colo.2005), the supreme court noted, "*[Blakely]* strongly suggest[s] that the statutory maximum sentence is not necessarily the greatest term authorized by the state legislature. Rather, it is the longest sentence authorized by the applicable statute and the particular facts validly before the [trial court]." The court determined that, under *Apprendi* and *Blakely*, an aggravated range sentence could be based on any one of four types of facts: (1) facts found by a jury beyond a reasonable doubt; (2) facts admitted by the defendant; (3) facts found by a judge after the defendant stipulates to judicial factfinding for sentencing purposes; and (4) facts regarding prior convictions. *Lopez v. People, supra*, 113 P.3d at 716.

Indeed, the existence of any one of these types of facts gives the sentencing court full discretion to sentence within the aggravated range according to traditional sentencing considerations. *See Lopez v. People, supra*, 113 P.3d at 731; *DeHerrera v. People*, 122 P.3d 992, 993–94 (Colo.2005).

In this case, defendant did not stipulate to judicial fact-finding for sentencing purposes, and the facts upon which the court based its aggravated range sentence were not found by a jury. Thus, the trial court's sentence can be upheld only if the court relied upon facts that were either admitted by defendant or related to prior convictions.

Defendant, through counsel, admitted at sentencing that he had caused serious bodily injury to the victim. However, a sentencing court may not use a defendant's factual admissions to increase a sentence unless the defendant first effectuated a knowing, voluntary, and intelligent waiver of his or her rights under *Apprendi* and *Blakely*. *People v. Isaacks*, 133 P.3d 1190, 1194–95 (Colo. 2006). Because defendant was not apprised or otherwise shown to be aware of these rights, we conclude that he did not knowingly, voluntarily, and intelligently waive his right to a jury determination regarding the

nature of the victim's injuries. Consequently, defense counsel's admission would not qualify as an admitted fact that could support an aggravated sentence.

The People point out that in sentencing defendant, the court noted that (1) as a juvenile, defendant had, on separate occasions, been adjudicated a delinquent child based on conduct which, if committed by an adult, would have been a felony criminal offense, namely, second degree assault (serious bodily injury) and second degree burglary; and (2) defendant committed the crime here while on probation in connection with the burglary matter.

The People assert that defendant's juvenile record qualifies as a "prior conviction" fact upon which the court could aggravate his sentence. Defendant, however, argues that juvenile adjudications cannot qualify as such because they are not criminal convictions. We are not persuaded by defendant's argument.

■ Although a delinquency proceeding is not a criminal prosecution and cannot, under Colorado law, result in a criminal conviction, *see generally S.G.W. v. People,* 752 P.2d 86, 88 (Colo.1988), that classification is not dispositive of whether a juvenile adjudication qualifies as a "conviction" within the meaning of *Apprendi's* prior conviction exception. *Compare, e.g., Jordan v. State,* 512 N.E.2d 407, 408 (Ind.1987)("[j]uvenile adjudications do not constitute criminal convictions"), *with Ryle v. State,* 842 N.E.2d 320, 323 (Ind.2005)(juvenile adjudications fall within *Apprendi's* prior conviction exception).

■ We reach this conclusion because *Apprendi's* prior conviction exception is "based on the historical role of recidivism in the sentencing decision and on the procedural safeguards attached to a prior conviction." *State v. Hitt,* 273 Kan. 224, 42 P.3d 732, 740 (2002); *see Apprendi v. New Jersey, supra,* 530 U.S. at 488, 120 S.Ct. at 2361–62 (the prior conviction exception is based upon the premise, approved in *Almendarez–Torres v. United States,* 523 U.S. 224, 243, 118 S.Ct. 1219, 1230, 140 L.Ed.2d 350 (1998), that "recidivism [ ] is a traditional, if not the most

traditional, basis for a sentencing court's increasing an offender's sentence").

As the Kansas Supreme Court observed in *State v. Hitt, supra,* 42 P.3d at 740, "[j]uvenile adjudications are included within the historical cloak of recidivism." *See also Ryle v. State, supra,* 842 N.E.2d at 321 (recognizing the long-standing use of "criminal behavior reflected in delinquent adjudications" to enhance adult criminal sentences); Barry C. Feld, *The Constitutional Tension Between Apprendi and McKeiver: Sentence Enhancements Based on Delinquency Convictions and the Quality of Justice in Juvenile Courts,* 38 Wake Forest L.Rev. 1111, 1184 (2003)("the use of prior delinquency convictions to enhance adult sentences has a long lineage"); Daniel E. Feld, Annotation, *Consideration of Accused's Juvenile Court Record in Sentencing for Offense Committed as Adult,* 64 A.L.R.3d 1291 (1975).

Colorado too recognizes the importance of juvenile adjudications in assessing the recidivistic tendencies of adult offenders. *See* § 16–11–102(1)(a), C.R.S.2006 (presentence report must include "information as to the defendant's ... past criminal record, including the defendant's past juvenile delinquency record, if any"); *People v. McGregor,* 757 P.2d 1082, 1085 (Colo.App.1987) (for sentencing purposes, statutory term "prior criminal conduct" encompasses "a record of juvenile offenses"), *overruled in part on other grounds by Robles v. People,* 811 P.2d 804, 806–07 (Colo.1991). Indeed, the General Assembly has expressed its intent that juvenile adjudications be treated as convictions for sentencing purposes. *See* § 19–1–103(2), C.R.S.2006 ("[W]hen a previous conviction must be pled and proven as an element of an offense or for purposes of sentence enhancement, 'adjudication' means conviction.").

Defendant asserts, however, that juvenile adjudications nonetheless fall outside *Apprendi's* prior conviction exception because they lack one necessary procedural safeguard. According to defendant, *Apprendi's* prior conviction exception encompasses only matters decided in proceedings in which the defendant enjoyed the right to a jury trial, and because juveniles enjoy no constitutional right to a jury trial in delinquency proceed-

ings, *see McKeiver v. Pennsylvania*, 403 U.S. 528, 545, 91 S.Ct. 1976, 1986, 29 L.Ed.2d 647 (1971); *People in Interest of T.M.*, 742 P.2d 905, 907–11 (Colo.1987), juvenile delinquency adjudications necessarily fall outside the exception. Again, we are not persuaded.

Some of the other jurisdictions that have considered the issue accept defendant's argument. *See United States v. Tighe*, 266 F.3d 1187, 1192–95 (9th Cir.2001); *State v. Brown*, 879 So.2d 1276, 1288–90 (La.2004); *State v. Harris*, 339 Or. 157, 118 P.3d 236, 245–46 (2005).

However, most of the jurisdictions that have considered the issue reject defendant's argument. These jurisdictions hold that reliability, not the right to a jury trial, is the sine qua non for use of prior convictions to enhance a sentence, and that the reliability of juvenile adjudications is sufficiently assured by the constitutional rights afforded to juveniles in delinquency proceedings, that is, the rights to notice, to counsel, to confront and cross-examine witnesses, to the privilege against self-incrimination, and to adjudication based only on proof beyond a reasonable doubt. *See United States v. Burge*, 407 F.3d 1183, 1191 (11th Cir.2005); *United States v. Jones*, 332 F.3d 688, 696 (3d Cir.2003); *United States v. Smalley*, 294 F.3d 1030, 1032–33 (8th Cir.2002); *People v. Lee*, 111 Cal. App.4th 1310, 4 Cal.Rptr.3d 642, 647 (2003); *Ryle v. State, supra*, 842 N.E.2d at 323; *State v. Hitt, supra*, 42 P.3d at 732; *State v. Weber*, 127 Wash.App. 879, 112 P.3d 1287, 1294 (2005)(review granted Jan. 31, 2006).

In choosing between these approaches, we are guided by the supreme court's decision in *People v. Huber*, 139 P.3d 628 (Colo.2006). In *Huber*, the court rejected the defendant's argument that, because not all misdemeanor cases are tried to a jury, misdemeanor convictions could not qualify for use to enhance sentences under *Apprendi's* prior conviction exception. Although acknowledging the existence of the decision in *United States v. Tighe, supra*, the court cited with approval the decisions in *United States v. Burge, supra*, and *Ryle v. State, supra*. Further, the court noted that *Ryle* referenced federal cases from the Third, Eighth, and Eleventh Circuit Courts of Appeals holding that juvenile adjudications fell within the prior conviction exception:

> Consistent with the *Ryle* court and the Third, Eight, and Eleventh Circuits, we conclude that the prior-conviction exception to *Apprendi–Blakely* applies to all prior convictions that resulted from procedures consistent with the Sixth and Fourteenth Amendments. Where the Sixth and Fourteenth Amendments permit the government, in some circumstances, to convict and impose criminal penalties upon a defendant without a jury trial, does it make sense to hold that, should that defendant ever again find himself before a sentencing judge, the Sixth and Fourteenth Amendments prevent the later judge from considering the fact of that conviction? We think not, and we therefore conclude that all convictions obtained in accordance with the Sixth and Fourteenth Amendments fall within the prior-conviction exception.

*People v. Huber, supra*, 139 P.3d at 632–33 (citation omitted).

■ Based on the supreme court's reasoning in *Huber*, we conclude, along with the majority of jurisdictions that have considered the issue, that juvenile adjudications fall within the *Apprendi* prior conviction exception, despite the lack of a right to jury trial in delinquency proceedings. Consequently, a sentencing court may determine, without benefit of a jury finding, facts regarding juvenile adjudications and use them as a basis to impose an aggravated range sentence.

Thus, we find no error in the trial court's aggravating defendant's sentence on the basis of his prior juvenile adjudications.

## II.

■ Defendant also contends the trial court abused its discretion in imposing a six-year sentence. We disagree.

■ Sentencing is by its very nature discretionary, and a judge has wide latitude in arriving at a synthesis that is reflective of the interests of society and the defendant. *People v. Newman*, 91 P.3d 369, 373 (Colo. 2004). In exercising its sentencing discre-

tion, the court must consider the nature of the offense, the character and rehabilitative potential of the offender, the development of respect for the law, the deterrence of crime, and the protection of the public. *People v. Vensor,* 116 P.3d 1240, 1243–44 (Colo.App. 2005)(*cert. granted* Aug. 8, 2005, 2005 WL 1864139).

A trial court has broad discretion in imposing a sentence, and it will not be found to have abused its discretion simply because other judges might have imposed a different sentence. *See People v. Phillips,* 652 P.2d 575, 580 (Colo.1982); *see also People v. Beatty,* 80 P.3d 847, 855 (Colo.App.2003)(only in truly exceptional cases will an appellate court substitute its judgment for that of the sentencing court).

Because the sentence imposed in this case is within the range authorized by law, is based on appropriate considerations as reflected in the record, and is factually supported by the circumstances of the case, we cannot conclude that the trial court abused its discretion. *See People v. Howell,* 64 P.3d 894, 898 (Colo.App.2002).

The sentence is affirmed.

Judge WEBB and Judge BERNARD concur.