Filed 6/23/25  P. v. Salcedo CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ELIEZER SALCEDO,<br><br>        Defendant and Appellant. | A168900<br><br>(City & County of San Francisco Super. Ct. Nos. CRI-1982437, SCN-185503-02) |

Defendant Eliezer Salcedo appeals from a postjudgment resentencing order under Penal Code section 1172.75[1] imposing an aggregate term of 57 years to life for his 2001 commission of multiple felonies, including murder and attempted murder.  Defendant contends that with respect to count 2, attempted murder, the trial court erroneously imposed the 10-year, upper term for a firearm enhancement under section 12022.5, subdivision (a) based on aggravating factors not found true by a jury beyond a reasonable doubt or supported by certified records of conviction.  Alternatively, defendant contends his attorney rendered ineffective assistance by failing to object to the court's imposition of the upper term.  Finally, defendant contends, and

---

[1] Defendant's petition for resentencing was filed under former Penal Code section 1170.1, which has since been renumbered to section 1172.75, the statute to which we refer.  Unless otherwise stated, all statutory citations herein are to the Penal Code.

1

the People concede, the trial court erred by failing to award him actual custody credits as of the date of his resentencing and the abstracts of judgment contain clerical errors that must be corrected.

We conclude that, under *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*), defendant is entitled to resentencing on the section 12022.5, subdivision (a) enhancement. On remand, the trial court may also correct any errors or omissions with respect to the calculation of defendant's custody credits or the information contained in the abstracts of judgment.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On April 28, 2001, defendant, age 26, and an accomplice were riding "in a stolen red Honda near 24th and York Streets" in San Francisco. Defendant fired 12 gunshots from the vehicle at a group of people gathered in front of an apartment building. A bullet struck and killed Leticia Ramirez. Defendant and his accomplice fled the scene in the stolen vehicle while police officers pursued them "in excess of 60 miles per hour on city streets." The chase finally ended at Candlestick Pier, where defendant and his accomplice fled on foot until the police were able to apprehend defendant.

On August 24, 2004, a jury convicted defendant of one count of second degree murder (§ 187, subd. (a); count 1) with an attendant firearm enhancement (§ 12022.53, subd. (d)); four counts of attempted murder (§§ 187, 664; counts 2–5) with attendant firearm enhancements (§ 12022.53, subd. (c)); shooting at an inhabited dwelling (§ 246; count 7) with an attendant firearm enhancement (§ 12022.53, subd. (d)); and being a felon in possession of a firearm (former § 12021, subd. (a)(1); count 8). Defendant was sentenced to an aggregate sentence of 68 years to life in prison, which

---

[2] The parties agree that a detailed recitation of the facts of this case is not necessary to our resolution of the issues raised on appeal.

2

included an indeterminate term of 15 years to life on count 1 plus a consecutive 25-year-to-life term on the enhancement under section 12022.53, subdivision (d), and the seven-year middle term on count 2 plus a consecutive 20-year term on the enhancement under section 12022.53, subdivision (c). In addition, a one-year enhancement was imposed under section 667.5, subdivision (b). As to the remaining counts and attendant enhancements, the court imposed terms to run concurrently to the count 1 term.[3]

On February 9, 2022, defendant petitioned the trial court for resentencing pursuant to former section 1170.1, which has since been renumbered to section 1172.75.

On August 29, 2023, the trial court resentenced defendant to an aggregate term of 57 years to life. Specifically, the trial court struck the now invalid one-year enhancement imposed under former section 667.5, subdivision (b). The court then reimposed defendant's original sentence with respect to count 1 and counts 7–8 and made the following changes to the remaining counts: The court reduced the 20-year firearm enhancement on count 2 to 10 years, representing the upper term under section 12022.5, subdivision (a), and reduced the six years eight months enhancements on counts 3–5 to two years four months, representing one-third of the middle term under section 12022.5, subdivision (a).[4]

---

[3] The concurrent sentences imposed on these remaining counts were as follows: two years four months on counts 3–5 (attempted murder) plus six years eight months on the attendant enhancements under section 12022.53, subdivision (c); eight months on count 7 (shooting at an inhabited dwelling); and eight months on count 8 (felon in possession of a firearm).

[4] Before resentencing defendant, the trial court amended the section 12022.53, subdivision (c) enhancement allegations attendant to counts 2–5 to section 12022.5, subdivision (a) enhancement allegations. (See *People v. Tirado* (2022) 12 Cal.5th 688, 700–702 [the trial court may strike a firearm use enhancement found true by the jury and impose a lesser, uncharged

3

On September 6, 2023, defendant filed a timely notice of appeal of the August 29, 2023, resentencing order.

On February 8, 2024, the trial court issued a modified resentencing order to correct an error in the August 29, 2023 order. Specifically, the court changed the sentence for count 8 (felon in possession of a firearm) from one-third the middle term of eight months to two years, to run concurrently.

On January 6, 2025, defendant filed a notice of appeal of the court's February 8, 2024 modified resentencing order, along with a motion for constructive filing of the notice within the statutory deadline.

## DISCUSSION

Defendant raises four contentions on appeal: (1) the trial court erred in imposing the upper, 10-year term on the firearm enhancement attendant to count 2 by relying on aggravating factors not found true by a jury or supported by certified records of conviction; (2) in the event his challenge to the 10-year enhancement on count 2 is deemed forfeited, his trial counsel rendered ineffective assistance by failing to raise a proper objection below; (3) the trial court erred by failing to award credits for his actual time served at the time of the resentencing hearing; and (4) clerical errors in the abstracts of judgment require correction.

The People oppose defendant's first two contentions while conceding his latter two contentions. The People also raise a threshold issue regarding our jurisdiction to decide this appeal.

We address each issue *post* in appropriate order.

---

statutory enhancement instead].) Section 12022.5, subdivision (a) provides, in relevant part: "[A]ny person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of that offense."

4

## I.   *We have jurisdiction to decide defendant's appeal.*

The People seek dismissal of defendant's appeal.  They reason that the February 2024 order modifying defendant's sentence (hereinafter, modified resentencing order or February 2024 order) superseded the August 2023 resentencing order and became the operative judgment.  Thus, the People argue, because defendant's notice of appeal only identifies the superseded August 2023 resentencing order, there is no appellate jurisdiction to consider defendant's contentions.  We disagree.

Generally, the filing of a notice of appeal vests jurisdiction in the appellate court and divests the trial court of jurisdiction to make any order affecting the judgment.  (*People v. Wagner* (2009) 45 Cal.4th 1039, 1061.) " ' "Because an appeal divests the trial court of subject matter jurisdiction, the court lacks jurisdiction to vacate the judgment or make any order affecting it.  [Citations.]  Thus, action by the trial court while an appeal is pending is null and void.  [Citations.]" ' " (*People v. Espinosa* (2014) 229 Cal.App.4th 1487, 1496.)  The purpose of this rule " ' " 'is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided.  The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment . . . by conducting other proceedings that may affect it.'  [Citation.]" ' " (*People v. Espinosa, supra*, at p. 1496.)

Here, neither party addresses the issue of whether the trial court had authority to issue the modified resentencing order in February 2024, several months after defendant filed his timely notice of appeal of the August 2023 resentencing order.  Instead, the People contend the trial court's action— whether valid or not—stripped this court of jurisdiction to hear defendant's appeal, notwithstanding his filing a valid notice of appeal.

5

Of course, there are exceptions to the general rule that the filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur. For example, a trial court may, while an appeal is pending, vacate a void judgment, correct an unauthorized sentence, or correct clerical errors in the judgment. (*People v. Nelms* (2008) 165 Cal.App.4th 1465, 1472; *People v. Cunningham* (2001) 25 Cal.4th 926, 1044 ["Although, as a general rule, 'an appeal from an order in a criminal case removes the subject matter of that order from the jurisdiction of the trial court' [citation], it is settled that an unauthorized sentence is subject to correction despite the circumstance that an appeal is pending"].) In addition, "[a]n exception to this loss of jurisdiction [after the filing of an appeal] is recognized as to matters that are collateral or supplemental to the questions involved on the appeal. (See, e.g., *In re Baker* (1988) 206 Cal.App.3d 493, 489–499 [citations] [trial court may proceed with writ of habeas corpus petition premised on facts which did not appear on face of appellate record]; see generally *People v. Hall* (1952) 115 Cal.App.2d 144, 154–156 [citation]; cf. Code Civ. Proc., § 916 [after filing of appeal, trial court may proceed upon any other matter embraced in action and not affected by judgment or order].)" (*People v. Schulz* (1992) 5 Cal.App.4th 563, 570–571 [trial court had jurisdiction to retry and sentence the defendant for a sentencing enhancement when resolution of that matter "would have no direct impact on the validity of the guilty verdict and sentence for the attempted murder charge pending on appeal"].)

Undisputedly, nothing in the trial court's modified resentencing order impacted the issues raised by defendant on appeal. Rather, the trial court's modification, acquiesced to by both parties, addressed an ancillary issue—the appropriate sentence for count 8 (felon in possession of a firearm)—which did

not impact defendant's total sentence of 57 years to life. As such, under *People v. Schulz, supra*, 5 Cal.App.4th at pages 570–571, the trial court arguably could proceed with the modification.

In any event, we need not decide this issue here. (*People v. Perez* (1979) 23 Cal.3d 545, 554, citing Witkin, Cal. Crim. Procedure, Appeal, §§ 637–638, pp. 628–630.) For reasons that follow, we conclude the judgment must be reversed and the matter remanded for resentencing on the firearm enhancement attendant to count 2. On remand, the trial court may undertake a full resentencing of defendant and correct any other errors brought to the court's attention (see pp. 14–15, *post*).[5] (*People v. Perez, supra*, at p. 554.)

## II. *The upper, 10-year sentence imposed for the section 12022.5, subdivision (a) enhancement attendant to count 2 cannot stand.*

Defendant challenges the trial court's imposition of the 10-year, upper term on the firearm enhancement attendant to count 2 as prejudicial error because it was not based on facts found true by a jury or established by certified records. Defendant acknowledges his counsel did not object to the trial court's choice of the upper term on these grounds at the resentencing hearing—an omission that generally forfeits a defendant's right to raise the challenge on appeal. However, defendant insists that any forfeiture in his case should be excused on grounds of ineffective assistance from counsel. We begin with the relevant factual record.

At defendant's August 2023 resentencing, the trial court recognized its discretion to strike or reduce the enhancement attendant to count 2 in furtherance of justice pursuant to section 1385. The court then weighed all

---

[5] We therefore deny defendant's January 6, 2025 motion for constructive filing as moot.

relevant mitigating and aggravating factors. As to mitigating factors, the court identified three: (1) defendant was sentenced to multiple firearm enhancements in a single case; (2) application of these enhancements could result in a sentence greater than 20 years; and (3) the current offense was connected to defendant's "well documented and extensive childhood trauma . . . ." (See Cal. Rules of Court, rule 4.423(b)(3), (10)–(11); § 1385, subd. (c)(2)(B), (C), (E).) As to aggravating factors, the court identified six: (1) defendant had served a prior prison term; (2) he had prior convictions as an adult that were of increasing seriousness; (3) the crime involved " 'great violence, great bodily threat or other acts disclosing a high degree of cruelty, viscousness [*sic*] or callousness' "; (4) he engaged in violent conduct " '[indicating a] serious danger to society' "; (5) the manner of the crime reflected " '[planning,] sophistication or professionalism' "; and (6) he was convicted of other crimes for which he received concurrent sentences, but for which he could have received consecutive sentences. (See Cal. Rules of Court, rule 4.421(a)(1), (7)–(8), (b)(1)–(3).)

At the hearing's conclusion, the trial court decided that, because aggravating factors outweighed mitigating factors, it would impose the upper term, 10-year enhancement pursuant to section 12022.5, subdivision (a) in place of the original 20-year enhancement pursuant to section 12022.53, subdivision (d). For reasons stated *post*, this sentence cannot stand.

Section 1170, subdivision (b), as amended in 2022, provides, in relevant part: "(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except . . . . [¶] (2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a

8

term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

After briefing ended in this appeal, the California Supreme Court issued *Lynch, supra*, 16 Cal.5th 730, providing new guidance on applying the amended version of section 1170, subdivision (b).[6] *Lynch* explained: "Effective January 1, 2022, . . . section 1170, subdivision (b) (hereafter section 1170(b)) was amended to prohibit imposition of an upper term sentence unless aggravating circumstances justify that term and the facts underlying any such circumstance, other than a prior conviction, 'have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' (§ 1170(b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) Allegations of prior convictions may be tried by the court alone and proven by certified records of conviction. (§ 1170(b)(3).)" (*Lynch, supra*, at p. 742, fn. omitted.)

Thus, "under the current statute the facts supporting *every* aggravating circumstance upon which the trial court relies to 'justify' imposition of the upper term must be properly proven as the statute requires. (§ 1170(b)(2).) The current statute specifically empowers the court to choose an upper term only if the facts supporting each aggravating circumstance on which it relies have been resolved by the jury or otherwise established as the statute allows. In other words, unlike the original statute . . . , the defendant is no longer 'eligible' for the upper term simply because an aggravating fact exists. Instead, the defendant may be properly sentenced to an upper term only if

---

[6] We asked for, and received, supplemental briefing from the parties regarding the impact of *Lynch* on this appeal.

the jury finds facts that, in the trial court's view, 'justify' an upper term sentence. Excluding properly proven prior convictions or a defense stipulation, a jury finding is now required for all facts actually relied on to impose an upper term." (*Lynch, supra*, 16 Cal.5th at p. 757; see *id*. at p. 760 ["Absent stipulation or waiver, that factfinding role now resides solely with the jury. Under the current statute, if an aggravating circumstance does not rest on properly proven facts, the circumstance cannot be relied upon when the court exercises its discretion to justify an upper term sentence"].)

The justification for this heightened standard of proof rests in the Sixth Amendment: "The current statute tracks fairly precisely the test that *Cunningham* [*v. California*] articulated to safeguard the Sixth Amendment jury trial guarantee: 'any fact that *exposes* a defendant to a greater *potential* sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence.' (*Cunningham* [*v. California* (2007)] 549 U.S. [270,] 281 [166 L.Ed.2d 856], italics added.) Under the current statute, the aggravating facts that would 'justify' an upper term sentence (§ 1170, subd. (b)(2)) are the same facts that 'expose' the defendant to imposition of that sentence in the trial court's discretion. (*Cunningham*, at p. 281.) Stated another way, under the current statute the aggravating facts used to 'justify' an upper term sentence are 'necessary to [its] imposition,' (*id*., at p. 294) and effectively function like elements of a crime [citation]." (*Lynch, supra*, 16 Cal.5th at p. 760, 1st–4th bracketed insertions added, fn. omitted.)

Moreover, "a Sixth Amendment occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established. The violation is prejudicial unless an appellate court can conclude beyond a

reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements.  If the reviewing court cannot so determine, applying the *Chapman* standard of review, the defendant is entitled to a remand for resentencing."  (*Lynch, supra*, 16 Cal.5th at p. 768; see *Chapman v. California* (1967) 386 U.S. 18 [17 L.Ed.2d 705].)

"It is true that nothing in section 1170(b)(2) prohibits the court from imposing an upper term sentence based on a single, properly proven aggravating circumstance *if*, in the court's discretion, *that circumstance alone justifies* a sentence exceeding the middle term. . . .  But under the current statute, the court may do so 'only' if it determines 'in its sound discretion,' that a single aggravating circumstance 'justif[ies]' the upper term. (§ 1170(b)(1), (2).)"  (*Lynch, supra*, 16 Cal.5th at p. 764.)

When the trial court in this case chose the upper, 10-year term on the enhancement attendant to count 2, *Lynch* was not decided.  Without *Lynch*'s guidance as to the proper application of section 1170, subdivision (b), the trial court erroneously relied on several aggravating factors not found true by a jury beyond a reasonable doubt.  (*Lynch, supra*, 16 Cal.5th at p. 760.)[7]

---

[7] Given the evolving state of the law at the time of defendant's resentencing, we decline to hold that his challenge to the trial court's discretionary sentencing choice was forfeited by his attorney's failure to raise an appropriate objection below.  (*People v. Perez* (2020) 9 Cal.5th 1, 7–8 [" ' "[R]eviewing courts have traditionally excused parties for failing to raise an issue at trial where an objection would have been futile or wholly unsupported by substantive law then in existence" ' "]; *People v. Williams* (1998) 17 Cal.4th 148, 161–162, fn. 6 [appellate court may exercise its discretion to consider the merits of the defendant's challenge notwithstanding counsel's failure to raise a proper objection].)  Moreover, because we reach the

These factors, as the People concede, include that the crime involved great violence, great bodily threat, or other acts disclosing a high degree of cruelty, viciousness, or callousness; defendant engaged in violent conduct indicating a serious danger to society; and the manner of the crime reflected planning, sophistication, or professionalism.

Moreover, on this record, we cannot conclude beyond a reasonable doubt that a jury would have found true each of the aggravating factors relied upon by the trial court to justify the upper term, or that those factors were otherwise proved true in compliance with current statutory requirements. (*Lynch, supra*, 16 Cal.5th at p. 768.) While it may be difficult to dispute that defendant's shooting a gun at a group of people gathered outside a residential building involved great violence and constituted violent conduct indicating a serious danger to society, other of the aggravating factors were not so clearly established.[8] In particular, reasonable jurors could disagree as to whether defendant's crime reflected planning, sophistication, or professionalism. The People argue the mere facts that defendant was armed and using a stolen vehicle established beyond a reasonable doubt that his crimes "evinced sophistication and/or professionalism."[9] Yet, it is equally plausible

merits of defendant's challenge, we need not address his alternative contention that his attorney rendered ineffective assistance.

[8] It is beyond dispute that defendant was also convicted of additional crimes (including attempted murder) for which he received concurrent sentences when he could have received consecutive sentences.

[9] The People also argue that it is "unclear" from the hearing transcript whether the trial court intended to impose an upper term section 12022.5, subdivision (a) enhancement or a 10-year, nontriad section 12022.53, subdivision (b) enhancement. In fact, the trial court, in ruling, specifically referred to section 12022.5, subdivision (a), and the amended abstract of judgment indicates the same.

defendant's actions could be viewed as those of a foolhardy and immature young man acting spontaneously without regard for consequences. (See *People v. Dancer* (1996) 45 Cal.App.4th 1677, 1695 [distinguishing circumstances evidencing advanced planning and sophistication from those indicating a "spontaneous instance of aberrant behavior"].) As *Lynch* made clear, a jury finding is now required for every single factor the trial court actually relied on to impose the upper term, notwithstanding the court's discretion to find that a single aggravating factor would justify the upper term. (*Lynch, supra*, 16 Cal.5th at pp. 757, 764; § 1170, subd. (b)(1), (2).)

Accordingly, under *Chapman*'s heightened standard, we conclude defendant is entitled to a remand for resentencing. (*Lynch, supra*, 16 Cal.5th at p. 768.) Simply put, it would not have been " ' "impossible," ' " given the jury's findings and the evidence, for a jury to have found in defendant's favor on one or more of the aggravating factors relied on by the court. (*Lynch, supra*, at p. 775.)

Lastly, we note that, on remand, "the parties remain free to introduce at trial all relevant evidence to support or contest the factual support for the aggravating circumstances set out in the California Rules of Court. The court may rely on any properly proven aggravating facts, including prior convictions or facts necessarily found by the jury to support a verdict on underlying counts and enhancements. The court retains its discretion to impose an upper term sentence if it concludes that one or more properly proved circumstances justify such a sentence. (§ 1170(b)(2).) If it cannot so conclude, it may impose no more than a middle term for each of the counts on which [defendant] stands convicted. (*Id.*, subd. (b)(1).)" (*Lynch, supra*, 16 Cal.5th at pp. 777–778.)

**III.** *Defendant's custody credits must be recalculated; errors in the amended abstracts of judgment must be corrected.*

Both parties point to additional errors relating to defendant's resentencing that must be corrected on remand. We address them just briefly.

First, defendant argues, and the People concede, the trial court erred by failing to recalculate his actual custody credits as of the time of resentencing. This is correct. (§ 2900.1; *People v. Rojas* (2023) 95 Cal.App.5th 48, 54 [" 'the trial court, having modified defendant's sentence, should have determined all actual days defendant had spent in custody, whether in jail or prison, and awarded such credits in the new abstract of judgment' "].)

Second, the parties point to several ways in which the amended abstracts of judgment fail to align with the court's oral rulings following the August 2023 and February 2024 hearings. For instance, defendant notes the trial court orally imposed concurrent sentences on counts 3–5 and 7–8 whereas in the abstracts of judgment the boxes indicating consecutive sentences for these counts are marked. In addition, both parties note the abstracts of judgment erroneously indicate the court imposed a 25-year sentence for the section 12022.53, subdivision (d) enhancement attendant to count 7 when, in fact, the court made no such ruling.

Finally, the People point out the court imposed one-third the middle term for concurrent sentences on counts 3–8, which are unauthorized because only full-term sentences may run concurrently. The People are again correct. (*People v. Matthews* (1999) 70 Cal.App.4th 164, 169, fn. 4 ["The imposition of one-third the middle term for subordinate offenses applies in case of consecutive, but not concurrent, sentences"]; *People v. Quintero* (2006) 135 Cal.App.4th 1152, 1156, fn. 3.) And similarly, the People correctly note that

14

the trial court erroneously sentenced defendant to one-third the upper term of 10 years on the section 12022.5, subdivision (a) enhancements attendant to counts 3–5.  If these sentences are concurrent, they must be full term, and if they are consecutive, they must be one-third the middle rather than one-third the upper term.  (*People v. Quintero, supra*, at p. 1156, fn. 3; *People v. Rodriguez* (2012) 207 Cal.App.4th 204, 211–212 [" 'A subordinate term is one-third of the middle term even if the trial court had initially selected the lower or upper term as the base term' "].)

These and any other errors or omissions in the abstracts of judgment must be corrected on remand so that they align with the court's oral pronouncements.  "An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

The judgment is reversed.  The matter is remanded to the trial court to conduct a full resentencing.  (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)

Jackson, P. J.

WE CONCUR:

Simons, J.
Chou, J.

A168900/*People v. Eliezer Salcedo*

15